392 A.2d 763

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Larry MUELLER.**

Superior Court of Pennsylvania.

Argued June 14, 1978.

Decided Oct. 20, 1978.

220

Robert A. Selig, Assistant District Attorney, with him William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellant.

Steven H. Lupin, Lansdale, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This case is before us on a Commonwealth appeal from an order of the Court of Common Pleas of Montgomery County, directing the expungement of Laurence Mueller's arrest record.

Appellee Mueller was charged with theft by unlawful taking in a criminal complaint filed April 24, 1975. A preliminary hearing was held, and the testimony of the complainant, appellee's former employer (at Ameron Auto Centers) was summarized in the transcript as follows:

"[O]n April 7, 1975 I did an investigation on inventory shrinkage. On April 9, 1975 I discovered detail tapes were not being rung properly. In most cases $30.00 short. I matched every service order with every ring. I found that a $49.50 tire sale was being rung as $19.60, a $99.00 tire sale was being rung as $69.00. I went through the month of March and 4 or 5 days of April. I called the customers, and they identified Larry Mueller as the person waiting on them. I spoke with Mr. Mueller, showed him the tapes and service orders. Mr. Mueller gave me a statement. An Auditor came in and Mr. Mueller was released on April 14, 1975."

The magistrate found that a prima facie case had been made out and ordered appellee held for court. Apparently because of Commonwealth carelessness, no further action was taken on the matter until November 28, 1975, when appellee's petition to dismiss under Rule 1100,[1] Pa.R.Crim.P., 19 P.S. Appendix, was granted.

Appellee shortly thereafter filed a "Petition to Expunge Criminal Record," reciting the procedural history of his case and alleging that his photograph, fingerprints, and arrest record were still in the possession of the Horsham Police Department, which had sent copies to the Pennsylvania State Police and the Federal Bureau of Investigation, and asserting that he had never previously been arrested. He characterized the retention of the records on his arrest as unjustified, harmful to his reputation and calling, and likely to interfere with his earnings and livelihood. He asked the court to order the destruction of all records in the possession of the Horsham Township Police, the Montgomery County

---

1. Rule 1100, with certain exceptions not material here, requires dismissal of charges not tried within 180 days from the date of the complaint.

Clerk of Courts, the Pennsylvania State Police, and the Federal Bureau of Investigation. The Commonwealth's answer asserted that maintaining the records was fully justified. After hearing argument, the court ordered the destruction of all records in the possession of the Horsham Township Police Department and the District Attorney's Office of Montgomery County.[2]

On appeal, the Commonwealth initially contended that the court below was without authority to order expungement. At our request, both parties filed supplemental briefs discussing the issue in light of *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976), a case decided some nine months after this appeal was taken, which held that a court has the authority to expunge an arrest record because an innocent individual has a right, as a matter of due process, to be free from unwarranted punishment.

The Commonwealth now asserts that the appropriate disposition of the case at bar is to remand the case to the lower court for an evidentiary hearing to determine the propriety of expungement, as we did in *Malone*, 244 Pa.Super. at 70, 366 A.2d at 589, where we stated:

> "Given the substantial interest of an accused in his good name and in freedom from the disability flowing from an arrest record, we believe that the Commonwealth must come forward with compelling evidence to justify retention of such information."

Our allocation of the burden upon the Commonwealth was based on the failure of the Commonwealth to make out a prima facie case at Malone's preliminary hearing. Here, the Commonwealth met that burden, and the prosecution was terminated for reasons unrelated to guilt or innocence. In situations such as this, the applicable rule is that enunciated in *Spock v. District of Columbia*, 283 A.2d 14, 19 (D.C.App. 1971).

---

2. As appellee has taken no cross-appeal, the question of the correctness of the court's apparent refusal to order destruction of the other records involved is not before us. *Pennsylvania Human Rel. Comm. v. Chester Housing Auth.*, 458 Pa. 67, 72, n. 12, 327 A.2d 335 (1974), cert. denied 420 U.S. 974, 95 S.Ct. 1396, 43 L.Ed.2d 654.

"Appellants, in their brief, make repeated reference to the fact that they have been exonerated of wrongdoing. It is on this predicate that they base their claims. However, the standard . . . is not merely a showing of being disburdened, discharged, or freed from a charge. The basis in [a previously-cited case] for holding that the appellant was entitled to some relief was that there was an uncontroverted, and thus successful, affirmative demonstration negating culpability. In other words, [the appellant in the cited case] affirmatively established that he was mistakenly arrested. This standard—not mere exoneration—is the criterion which must be met to entitle an arrested person to an order regarding the content and dissemination of his arrest record."

Accordingly, where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied. If, however, such a showing is made, the court must weigh the Commonwealth's interest in retaining appellee's arrest record against appellee's interest in being free from whatever disabilities the record may create.

It must be borne in mind that the question before the court is not whether expungement is desirable in this case but whether it is constitutionally required; that is, whether it is necessary in order to prevent punishment of an innocent person.

We vacate the order of the court below and remand for further proceedings consistent with this opinion.

SPAETH, J., files a concurring and dissenting statement.

VAN der VOORT, J., files a dissenting opinion, in which PRICE, J., joins.

SPAETH, Judge, concurring and dissenting:

I agree that the case should be remanded for hearing, but as I read *Malone, see especially* note 9, 244 Pa.Super. at 71,

224

366 A.2d at 589, the burden of proving a substantial interest in retaining the records should remain on the Commonwealth, the evidence that the Commonwealth had made out a prima facie case being relevant only to deciding whether the Commonwealth had met that burden.

VAN der VOORT, Judge, dissenting:

I respectfully dissent to the decision by the Majority of our Court, which reaffirms the decision in *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976), which in turn held that courts have a general power to expunge criminal records. In *Malone* it was demonstrated by a Minority of the Judges of our Court that there is only a very limited power to expunge criminal records. The records involved in the instant case do not fall within that limited sphere. The appellant in this case was charged with theft by unlawful taking. He was acquitted of the charges not because he is innocent, but because he was not tried within 180 days as required by *Pa.R.Crim.P.* 1100. My dissent is for the reasons set forth in my Dissenting Opinion in *Malone*, i. e., I believe we do not have lawful authority to expunge criminal records except in cases specifically authorized by statute.

PRICE, J., joins in this dissenting opinion.