422 A.2d 1383

COMMONWEALTH of Pennsylvania

v.

**Richard Francis Xavier CAPONE, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1980.

Filed Dec. 5, 1980.

Robert Scandone, Philadelphia, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from the order of the trial court denying appellant's motion to expunge his arrest record. The procedural history and facts relevant to the issues on appeal are as follows:

At approximately 10:00 p. m. on January 24, 1977, a silent alarm went off at the jewelry store of Bailey, Banks and Biddle in the Bala Cynwyd Shopping Center in Lower Merion Township, Montgomery County, bringing police to the scene. There were several inches of newly fallen snow on the ground. As the officers arrived, they noticed a car doing "doughnuts" in the snow in the parking lot. The vehicle then proceeded at a slow rate of speed out of the parking lot onto Belmont Avenue and stopped at the traffic light at the intersection of City Line Avenue, where it was stopped by the police. None of the $2,000.00 worth of jewelry taken from the store was recovered from the car or along the route it had traversed. The vehicle was occupied by appellant, and the driver, Avery Lofton.

An old car battery had been thrown through the rear door of the premises to gain entry and the police alleged that footprints came from the general area where the car was first seen.

Appellant gave the same statement to the police as he gave at trial. The two gentlemen had entered the parking lot to do "doughnuts" in the snow. When they saw the police arrive, they felt they would get a ticket so they departed slowly and were stopped by police at the traffic light.

At trial, an F.B.I. chemist testified that a miniscule particle of glass found on appellant's trousers was similar to broken glass found in the store. The defense presented Lawrence Leonard, principal scientist of the Physical and Life Sciences Department of the Franklin Institute Research Laboratory in Philadelphia, who testified that the particle analyzed by the F.B.I. was not glass.

Appellant was tried by jury and acquitted. Appellant filed a motion for expungement in the trial court which was denied.

Appellant contends the Commonwealth failed to sustain its burden of presenting compelling evidence to justify a retention of his arrest record and that the trial judge abused his discretion in refusing to grant expungement.

We have held that the right of an accused to seek expungement of an arrest record is an adjunct to due process. *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976). We have further held that where the Commonwealth has made out a prima facie case but the prosecution was terminated because of a procedural irregularity or legal technicality unrelated to questions of guilt or innocence, the accused had the burden of affirmatively demonstrating nonculpability. Upon such a showing, the trial court then had to weigh the Commonwealth's interest in retaining the arrest record against the accused's interest in freedom from harm ancillary to the arrest record. *Commonwealth v. Mueller*, 258 Pa.Super. 219, 392 A.2d 763

(1978); *Commonwealth v. Rose*, 263 Pa.Super. 349, 397 A.2d 1243 (1979). Some confusion has resulted over the holding in the *Mueller* case. *Mueller* dealt with a dismissal pursuant to Rule 1100, a procedural rule, and not acquittal on the merits by a jury. See for example, *Chase v. King*, 267 Pa.Super. 498, 406 A.2d 1388 (1979).

It is not disputed that appellant was acquitted by a jury as opposed to being discharged as a result of a procedural irregularity. One of the basic tenets of our system of criminal justice is that the accused is presumed innocent until proven guilty beyond a reasonable doubt. We, therefore, refuse to impose upon the appellant the burden of proving his innocence subsequent to acquittal by requiring him to show nonculpability in an expungement proceeding. We will not, nor will we permit the trial court to engage in an independent evaluation of the evidence presented at trial.

We next must balance the competing interests in determining whether the trial judge abused his discretion.

Appellant presented evidence of an unblemished record for 22 years prior to his arrest and no criminal involvement subsequent to his acquittal. He was a former football coach at Archbishop Carroll High School and was a third year student at St. Joseph's College at the time of the hearing. He was employed as a warehouse supervisor and indicated his desire to continue and progress in the management area. Appellant has an uncle who is an assistant district attorney and uncles who are police officers. Appellant's father testified the newspapers mentioned the arrest but never his son's acquittal.

The Commonwealth submitted that the arrest record should be maintained because the crime involved was a felony and the acquittal had occurred only six months prior to the expungement hearing.

An arrest record can cause a denial of credit, loss of new employment, or a loss of respect from other members of the community. As Judge Hoffman stated in his concurring opinion in *Chase v. King*, supra: "An arrest record hangs like the sword of Damocles over one's life."

Our review of the record indicates the appellant has shown substantial reasons why he should be free of an arrest record, while the Commonwealth has failed to show any compelling reason to maintain the record. Indeed, if every person accused of a felony and thereafter acquitted was not considered for expungement due to the fact that sufficient time had not elapsed following acquittal, the Commonwealth could arbitrarily decide what length of time was appropriate.

Accordingly, the Order of the trial court is reversed and the case remanded to the trial court with directions to enter an order granting expungement.

PRICE, J., dissents.