436 A.2d 665

**In re Expungement Petition of Richard Charles HAEFNER.**

**Appeal of Richard Charles HAEFNER.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Oct. 30, 1981.

Steve Alexander, Philadelphia, for appellant.

John Kenneff, Assistant District Attorney, Lancaster, for Commonwealth, participating party.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Lancaster County refusing to grant expungement of an arrest record. The procedural history and facts relevant to the issues on appeal are as follows.

Appellant was charged with corruption of minors at Information No. 3218 of 1975, involuntary deviate sexual intercourse at No. 3219 of 1975, and corruption of minors at No. 3220 of 1975. The charge at No. 3218 of corruption of minors was nolle prossed by the Commonwealth on March 7, 1980 after five years of inactivity for lack of evidence.

Appellant was tried before a jury on the other two criminal Informations in a trial which began on January 27, 1976 and ended on February 3, 1976 when the trial judge sua sponte declared a mistrial. The trial judge ordered a mistrial when the jury foreman indicated that the jury would not be able to reach a verdict. Our Court granted a motion to quash the Information because appellant's retrial was barred by his Fifth Amendment right not to be placed in double jeopardy. *Commonwealth v. Haefner*, 264 Pa.Super. 144, 399 A.2d 707 (1979).

A hearing was held on the petition to expunge on January 25, 1980 at which time the Commonwealth presented no evidence. The trial court granted expungement as to criminal Information No. 3218, and denied expungement as to the two Informations on which appellant was tried. This timely appeal followed.

■ Appellant contends the trial court erred in imposing upon him the burden of affirmatively demonstrating his non-culpability under the facts herein.

We have held that the right of an accused to seek expungement of an arrest record is an adjunct to due process. *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976). We have further held that where the Commonwealth has made out a prima facie case but the prosecution was terminated because of a procedural irregularity or legal technicality unrelated to questions of guilt or innocence, the accused has the burden of affirmatively demonstrating nonculpability. Upon such a showing, the trial court then had to weigh the Commonwealth's interest in retaining the arrest record against the accused's interest in freedom from harm ancillary to the arrest record. *Commonwealth v. Mueller*, 258 Pa.Super. 219, 392 A.2d 763 (1978); *Commonwealth v. Rose*, 263 Pa.Super. 349, 397 A.2d 1243 (1979). *Mueller* dealt with a dismissal pursuant to Rule 1100, a procedural rule, and not an inability to produce sufficient evidence to convict on the part of the Commonwealth at a trial on the merits.

One of the basic tenets of our system of criminal justice is that the accused is presumed innocent until proven guilty beyond a reasonable doubt. Here, unlike *Mueller, supra,* although a prima facie case was made out, following a lengthy trial on the merits the jury was unable to agree on a verdict demonstrating the Commonwealth's inability to prove appellant's guilt beyond a reasonable doubt. Then, not because of any procedural irregularity, but rather because of appellant's Fifth Amendment right not to be placed in double jeopardy, the Information against him was quashed and appellant was not retried. Thus, the prosecution of appellant was terminated because the Commonwealth was unable to produce sufficient evidence to convince a jury of his peers of his guilt beyond a reasonable doubt and a second trial was constitutionally prohibited. We therefore distinguish *Mueller, supra,* and refuse to impose the burden of showing non-culpability upon the appellant. We will not, nor will we permit the trial court to engage in an independent evaluation of the evidence presented at trial which already proved to be insufficient to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Capone,* 282 Pa.Super. 458, 422 A.2d 1383 (1980).

■ We next must balance the competing interests in determining whether appellant is entitled to expungement. The Commonwealth presented no evidence whatsoever justifying the retention of appellant's arrest record.

On the other hand, appellant testified that he holds a Ph.D. in geology from Penn State University and had been an assistant professor at two colleges. He testified that he lost his position after the charges were instituted and has been unable to obtain new employment. He has applied at approximately 100 institutions seeking a teaching position. He stated that he had never been arrested before, nor after these charges were filed. He further stated that his arrest record has interfered with his ability to obtain employment and has affected his reputation. Finally, he testified he was not guilty of any of the offenses with which he was charged.

Our review of the record indicates the appellant has shown substantial reasons why he should be free of an arrest record, while the Commonwealth has failed to submit a compelling reason, to maintain the record.

Accordingly, the Order of the trial court is reversed and the case remanded with directions to enter an order granting expungement.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I respectfully dissent. In *Commonwealth v. Mueller*, 258 Pa.Super. 219, 223, 392 A.2d 763, 765 (1978), a majority of our Court sitting en banc vacated the lower court's expungement order, holding that "where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied." In the case before us, as in *Mueller*, the Commonwealth made out a prima facie case against the accused at the preliminary hearing, and the prosecution was terminated for reasons not related to guilt or innocence. In *Mueller* the prosecution was terminated because of the Commonwealth's failure to proceed with the case within 180 days of filing of the complaint; in the case before us it was terminated because the trial judge impetuously and improperly declared a mistrial. Unlike the accused persons in *Commonwealth v. Rose*, 263 Pa.Super. 349, 397 A.2d 1243 (1979), and *Commonwealth v. Capone*, 282 Pa.Super. 458, 422 A.2d 1383 (1980), cited in the majority opinion, appellant in the case before us was not found to be innocent. The majority equates a mistrial caused by the court with a finding of innocence. This appears to me to be clearly a non sequitur.

I believe that *Mueller* is controlling in this situation, and I would therefore affirm the lower court's order refusing to expunge appellant's arrest record.