459 A.2d 369

**COMMONWEALTH of Pennsylvania**

v.

**Gary W. RANK, Appellant.**

Superior Court of Pennsylvania.

Argued March 23, 1981.

Filed April 15, 1983.

John J. Krafsig, Jr., Harrisburg, for appellant.

Rolf W. Bienk, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before PRICE,* WIEAND and LIPEZ, JJ.

* This decision was reached prior to the death of Judge PRICE.

PRICE, Judge:

This is an appeal from an order of the Court of Common Pleas of Dauphin County refusing to grant expungement of an arrest record. The procedural history and facts relevant to the issues on appeal are as follows.

Appellant was arrested and charged with the March 22, 1979 murder of an elderly Gratz woman who was found dead in her home after being brutally beaten. Cause of death was fixed as strangulation.

At trial, both the Commonwealth and appellant presented fingerprint experts and appellant took the stand to offer explanation for the presence of his fingerprints at two places in the victim's residence. After approximately a week and a half long jury trial (The Honorable John C. Dowling, presiding) the jury returned a verdict of not guilty on September 19, 1979. Appellant then proceeded to file a petition to expunge his criminal record. A hearing was held before Judge Dowling on November 20, 1979. The petition was denied on November 27, 1979. This appeal followed.

There is only one viable issue presented to us in this appeal, and that is whether the trial court erred in imposing upon appellant the burden of affirmatively demonstrating his non-culpability and undertaking an independent evaluation of the trial evidence in the murder charge for which he was tried after he had been found not guilty by a jury.

The right of an accused to seek expungement of an arrest record is an adjunct of due process. "[A]n innocent individual has a right to be free from unwarranted punishment, a court has the authority to remedy the denial of that right by ordering expungement of the arrest record." *Commonwealth v. Malone*, 244 Pa.Superior Ct. 62, 366 A.2d 584 (1976). In *Commonwealth v. Mueller*, 258 Pa.Superior Ct. 219, 392 A.2d 763 (1978), we fashioned a two-prong standard to be implemented by hearing judges in expungement proceedings:

> Accordingly, where the record shows that the Commonwealth made out a prima facie case of guilt on the part of

an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied. If, however, such a showing is made, the court must weigh the Commonwealth's interest in retaining [petitioner's] arrest record against [petitioner's] interest in being free from whatever disabilities the record may create.

*Id.*, 258 Pa.Superior at 223, 392 A.2d at 765.

The application of the *Mueller* test was recently narrowed, however, in the en banc decision of *Commonwealth v. Capone,* 282 Pa.Superior Ct. 458, 422 A.2d 1383 (1980). Therein we distinguished *Mueller* factually on the grounds that although the Commonwealth presented a prima facie case against the accused at a preliminary hearing the charges were dismissed on Rule 1100 grounds, i.e., procedural grounds. In that instance the burden to demonstrate nonculpability at an expungement hearing was properly placed on the accused. However, the court in *Capone, supra,* stated that when dismissal is by virtue of acquittal on the merits by a jury and not a procedural rule, the standard must be different:

One of the basic tenets of our system of criminal justice is that the accused is presumed innocent until proven guilty beyond a reasonable doubt. We, therefore, refuse to impose upon the appellant the burden of proving his innocence subsequent to acquittal by requiring him to show non-culpability in an expungement proceeding. We will not, nor will we permit the trial court to engage in an independent evaluation of the evidence presented at trial.

*Id.*, 282 Pa.Superior at 461, 422 A.2d at 1385.

*In re Haefner,* 291 Pa.Superior Ct. 604, 436 A.2d 665 (1981), followed the authority in *Capone* when appellant appealed a denial of expungement after the jury could not reach a verdict and the trial judge declared a mistrial: "Thus, the prosecution of appellant was terminated because the Commonwealth was unable to produce sufficient evidence to convince a jury of his peers of his guilt beyond a reasonable doubt and a second trial was constitutionally

prohibited. We therefore ... refuse to impose the burden of showing nonculpability upon the appellant." *Haefner, supra,* 291 Pa.Superior at 607, 436 A.2d at 666.

Likewise, the instant case must be governed by *Capone.* At the expungement hearing, appellant argued vigorously that his acquittal by the jury should have removed his burden to once again prove nonculpability. Judge Dowling, however, agreed with the Commonwealth that since a prima facie case was established against appellant the ruling in *Chase v. King,* 267 Pa.Superior Ct. 498, 406 A.2d 1388 (1979) governed. In *Chase,* a panel from our court applied the *Mueller* two-pronged standard to a case where a prima facie case of theft was made against the accused but a jury found him not guilty. The denial of expungement was affirmed because the appellant "failed to demonstrate affirmatively a lack of culpability or a mistaken arrest. His evidence demonstrated only that he had been exonerated of the charge by a jury which had not been convinced of his guilt beyond a reasonable doubt." *Chase, supra,* 267 Pa. Super. at 502, 406 A.2d at 1390.

■ The authority of *Chase, supra,* however, must now be viewed in light of the *en banc* decision in *Capone, supra.* We find, therefore, that the holding in *Capone* must govern the present appeal and we must agree with appellant's argument that the lower court erred in requiring that appellant prove his non-culpability and in its independent evaluation of the trial evidence.

■ While *Capone, supra,* did make it clear that the *Mueller, supra,* standard was revised when the accused had been acquitted by a jury, it did not discard *Mueller's* and *Malone's, supra,* requirement that the court balance the Commonwealth's interest in retaining appellant's arrest record against appellant's interest in being free from whatever disabilities the record may create. "[T]he court must balance the competing interests involved and resolve each case on its own facts." *Commonwealth v. Malone,* 244 Pa.Superior Ct. 62, 70, 366 A.2d 584, 589 (1976). The

Commonwealth has the burden of presenting compelling evidence to justify the retention of an arrest record. *Commonwealth v. Rose*, 263 Pa.Superior Ct. 349, 397 A.2d 1243 (1979).

We have often times acknowledged the hardship that an arrest record can cause in the life of a wrongly accused individual. *Commonwealth v. Capone*, 282 Pa.Superior Ct. 458, 422 A.2d 1383 (1980); *Commonwealth v. Rose*, 263 Pa.Superior Ct. 349, 397 A.2d 1243 (1979); *Commonwealth v. Malone*, 244 Pa.Superior Ct. 62, 366 A.2d 584 (1976). "The mistakenly arrested person never knows when it will cause a denial of credit, loss of a new job, or simply the loss of esteem, trust, and respect from other members of the community." *Chase v. King*, 267 Pa.Superior Ct. 498, 503, 406 A.2d 1388, 1391 (1979) (Hoffman, J., concurring and dissenting).

At the expungement hearing the Commonwealth presented no compelling reason to maintain the record. The case presented against expungement relied solely on facts that appellant, having being reinstated in his employment, suffered no economic hardship, no loss of credit to that point and was planning to be married whether or not the record was expunged.

However, this evidence is not adequate to carry the Commonwealth's burden in avoiding expungement. The Commonwealth has presented no state or law enforcement interest in the retention of appellant's arrest record. These interests are the ones we have recognized as legitimate in the balancing test. *Commonwealth v. Malone*, 244 Pa.Superior Ct. 62, 366 A.2d 584 (1976).

On the other hand, it was shown at the expungement hearing that appellant was nineteen years old with no prior arrest record and that he had already been visited by the State Police for questioning at his place of employment in an unrelated matter. Furthermore, only two months had passed between the not guilty verdict and the expungement hearing making the Commonwealth's assertion that appel-

■

lant had not or would not suffer credit loss or humiliation in his community because of his arrest record extremely weak.[1]

■   Based on the foregoing we are compelled to find that the lower court abused its discretion in refusing to grant appellant's petition.   Accordingly, the order of the trial court is reversed and the case remanded with directions to enter an order granting expungement.   Jurisdiction is not retained.

■

1.  At the hearing the Deputy District Attorney argued to the court: "I would also say that as regards this interrogation of the defendant by the State Police on this second murder, that this Court can order all the expungement in the world if it so chose as far as his record is concerned, but nothing will expunge the memories of those police officers." (N.T., Expungement Hearing, at 17).  The argument that harm to reputation has already been inflicted is hardly an adequate reason under the standards set by this court to refuse granting the expungement petition.

We also note that Judge Dowling, in his opinion, implied that appellant's arrest record may be valuable in police investigation into three other murders.  Slip op. at 7.  Since the Commonwealth did not offer this at the hearing we will not consider it as a factor in our decision.