467 A.2d 386

**COMMONWEALTH of Pennsylvania**

v.

**Alvin CHACKER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1983.

Filed Oct. 28, 1983.

Neil I. Mittin, Philadelphia, for appellant.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

Appellant, Alvin Chacker, appeals from the Order of the Court of Common Pleas of Montgomery County denying his "Petition To Expunge A Criminal Record." We reverse.

As far as this Court can deduce from the *uncontested* facts appearing in the record, appellant was arrested on September 20, 1979 and charged with Criminal Conspiracy (18 Pa.C.S.A. § 903) and violation of The Controlled Substance, Device and Cosmetic Act (35 Pa.C.S.A. § 780–113(a)). Thereafter, appellant's timely motion to suppress the 3 to 5 pounds of marijuana transferred to another's vehicle prior to his arrest, along with $1,800 in cash found in his vehicle, was granted. As a result thereof, the Commonwealth was "precluded" from proceeding to trial and moved to *nolle prosequi* the charges lodged against the appellant. Such an Order was entered by the court on January 23, 1980.

On September 17, 1981, the appellant filed a petition seeking to expunge his arrest record on the grounds that:

2. That on January 23, 1980, ... before the Honorable Richard Lowe, all charges against the Petitioner were nolle pros.

3. That your Petitioner is presently thirty-seven (37) years old and lives at 1228 Glenview Street, Philadelphia, PA 19111.

4. That your Petitioner is presently self-employed as an investor in gold coins, commodities and real estate.

5. That your Petitioner has never been previously convicted of any crime and that the photographs, fingerprints and records of your Petitioner are still in the files of the Lower Merion Township Police Department duplicates thereof have been transferred to the Pennsylvania State Police and the Federal Bureau of Investigation which remain in their respective files.

6. *That the presence of the aforesaid records in the files of the agencies heretofore described are unjustified and will be harmful to your Petitioner's reputation and is likely to interfere with his earnings and livelihood.*

(Emphasis added)

The Commonwealth, in its answer to the petition to expunge, specifically denied Points 3–6 and followed each with the phrase: "Commonwealth is with insufficient information upon which to form a belief as to the truth of the averment and therefore denies same and *demands strict proof at the time of hearing.*" [1] (Emphasis added) Following the hearing to expunge, at which the appellant was the only person to testify or present evidence on the question

---

**1.** We wish to point to this statement, as well as the Commonwealth's reference in its brief at 5, n. 1 that: "... the defendant was, more probably than not, involved in illicit drug activity by virtue of the establishment by the Commonwealth of a prima facie case at the preliminary hearing. *Commonwealth v. Mullen,* [460] Pa. [336], 333 A.2d 755 (1975)." We do so to dispel the notion that the petitioner seeking to have his/her record expunged is saddled with the burden of proving why his/her request should be granted. Our Supreme Court in *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981) held: 1) if the Commonwealth admits that it is unable to bear its burden of proof (as was the case here), then it must bear the burden of justifying why the arrest record should not be expunged; and 2) a judge's conclusion at the preliminary hearing that the Commonwealth had presented a *prima facie* case at that time is not dispositive of the issue to expunge.

raised (the Commonwealth merely cross-examined Chacker without making any separate statement on the record as to why the petition should not be granted), the court denied the relief requested. This appeal followed.

Appellant complains that because the Commonwealth did not satisfy its burden of justifying, by compelling evidence, the retention of his arrest record, the court erred in entering the Order denying his petition. Aside from the contention that the Commonwealth failed in its burden, appellant asserts that his age (37), job (commodities broker) and "the continuation of his arrest record would hamper his chances of employment with other commodity broker houses." The Commonwealth counters with the only argument appearing in its brief to justify affirmance of the lower court's denial Order, i.e., "the Commonwealth's need to maintain records of individuals who, more probably then [sic] not, are engaged in illicit drug traffic ...." To buttress this "more probably than not" averment, the Commonwealth directs us to the ruling by the district justice finding that a *prima facie* case had been made out against the appellant so as to warrant his being bound over for trial in the court of common pleas. We disagree with the Commonwealth's logic (*see* note 1, *supra*), as well as the justification proffered by the hearing court below, for reasons that will be discussed *infra*.

Preceding our determination concerning the wisdom of the lower court's denial of appellant's petition is the requirement that we be satisfied that the correct party was imposed with the burden of affirmatively proving its case at the expungement hearing. *See Commonwealth v. Rank,* 312 Pa.Super. 572, 459 A.2d 369 (1983). This is crucial, especially in the case at bar, since the failure to meet such a burden dictates whether an evaluation of the lower court's balancing of competing interests (i.e., weighing the individual's due process interest in being free from the stigma of an arrest record against the state's interest in maintaining accurate records relating to persons suspected of criminal activity, *see Commonwealth v. Hughes,* 295 Pa.Super. 304,

441 A.2d 1244 (1982),) needs to be made. *See In re Haefner*, 291 Pa.Super. 604, 606, 436 A.2d 665, 666 (1981).

On this question of burden of proof at an expungement hearing, our Supreme Court in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981) had the occasion to clarify the "somewhat inconsistent" Superior Court cases dealing with the subject. In *Wexler*, a search of appellants' residence, in particular the bedroom of the daughter (Vicki), produced marijuana and drug paraphernalia. The daughter's father (Martin) was arrested and charged with corruption of a minor, while Vicki was arrested for possession with intent to manufacture or deliver a controlled substance and conspiracy. It was not until the preliminary hearing that Mr. Wexler's wife (Estelle) was arrested and charged with corruption of a minor and conspiracy. At this time Mr. Wexler was informed that his complaint would be amended to add the charge of conspiracy.

Before the appellants were brought to trial, Vicki entered into a consent decree pursuant to the Juvenile Act (42 Pa.C.S.A. § 6340) and, in accordance thereto, was released to the care and custody of her parents. Within 3 months of the entry of the consent decree the Commonwealth filed a petition to *nolle prosequi* the charges against Martin and Estelle. The petition was granted and, thereafter, the appellants sought to have their arrest records expunged. However, following a hearing, the court denied the request and this Court affirmed per curiam. In the course of reversing, our Supreme Court in *Wexler* found that the hearing court had erred in relying exclusively on the asserted lawfulness of the arrests and the judge's conclusion at the preliminary hearing that the Commonwealth had presented a *prima facie* case. It then went on to address the question of which party should bear the burden in expungement cases.

Consistent with its earlier disapproval of a trial court's reliance upon the *prima facie* finding at a preliminary hearing, the *Wexler* Court refused to endorse *Chase v. King*, 267 Pa.Super. 498, 406 A.2d 1388 (1979) because it

was interpreted as holding that, despite the accused's acquittal on the ground of mistaken identity, "since the Commonwealth had established a prima facie case at trial the appellant bore the burden of affirmatively demonstrating non-culpability at his expungement hearing." 494 Pa. at 330, 431 A.2d at 880. More to the point, the Supreme Court, in extrapolating a standard from this Court's prior decisions as to the burden of proof matter, made some observations that are quite relevant to the case *sub judice;* viz.:

Rather, if the Commonwealth does not bear its burden of proof beyond a reasonable doubt (which occurred in *Chase* ), or admits that it is unable to bear its burden of proof (as in the present case), the Commonwealth must bear the burden of justifying why the arrest record should not be expunged. This position is consistent with other cases in the Superior Court. *E.g., Commonwealth v. Welford,* [279] Pa.Super. [300], 420 A.2d 1344 (1980); *Commonwealth v. Iacino,* [270 Pa.Super. 350, 411 A.2d 754 (1979) ]; *Commonwealth v. Rose,* 263 Pa.Super. 349, 397 A.2d 1243 (1979); *Wert v. Jennings,* 249 Pa.Super. 467, 378 A.2d 390 (1977); *Cf., Commonwealth v. Mueller,* 258 Pa.Super. 219, 392 A.2d 763 (1978).

The Commonwealth did not advance any reason at the expungement hearing why retainment of appellants Martin and Estelle Wexler's arrest records is necessary. In support of its position the Commonwealth, in its brief, simply underscored a portion of testimony elicited at the preliminary hearings, thereby suggesting that appellants "could not have helped but know of [their daughter's drug dealing]", and that "in light of these circumstances retention of the arrest records is in the interests of society ..." Nothing could be more vague and less persuasive.

No analysis of Mr. and Mrs. Wexler's particular cases was made, nor special facts cited which convince us of the necessity of retaining their arrest records. The mere assertion of a general interest in maintaining accurate

records of those accused of crime is not convincing. *Commonwealth v. Welford, supra.* Thus, we believe that the Commonwealth has not proffered compelling evidence to justify the retention of Martin and Estelle Wexler's arrest records and conclude the hearing court abused its discretion in not ordering expungement.

*Id.,* 494 Pa. at 330–332, 431 A.2d at 880–881.

We read the unequivocal language in *Wexler* to foreclose *explicitly* a hearing court from continuing to shift the burden of persuasion to the petitioner seeking expungement merely because the Commonwealth made out a *prima facie* case of guilt on the part of the petitioner.[2] Thus, under *Wexler,* the burden to present compelling evidence against expungement is placed upon the Commonwealth if it has failed to establish the accused's guilt beyond a reasonable doubt (e.g., before the court of common pleas,) or the Commonwealth "admits that it is *unable* to bear its burden of proof." *Id.* Since the appellant, instantly, was not tried in the court of common pleas, we are left with the determination of whether the Commonwealth's admission that "[t]he suppression order precluded [it] from proceeding to trial," (Commonwealth's Brief at 2), is equivalent to, as required by *Wexler,* an admission that it is unable to bear its burden of proof. We think it is, *for nowhere in the Wexler opinion was a caveat created to the two specific circumstances that trigger the Commonwealth's burden of proof obligation, e.g., where the petitioner has succeed-*

**2.** This sounds the death knell for *Commonwealth v. Mueller,* 258 Pa.Super. 219, 392 A.2d 763 (1978), which stated:

Accordingly, where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied. *Id.,* 258 Pa.Superior Ct. at 223, 392 A.2d at 765. Although the *Wexler* Court cited *Mueller,* it did so preceded by the signal *"Cf,"* which "[l]iterally ... means 'compare.'" Uniform System of Citation at 9 (13th Ed.1981) Thus, given the holding of *Mueller,* it seems incongruous to believe that the *Wexler* Court would endorse a ruling totally at odds with its own. Without continuing this discussion farther, suffice it to say that *Mueller* is no longer a viable decision on the burden of proof controversy, having been overruled *sub silentio* by *Wexler.*

*ed in terminating his prosecution by "legal technicalities unrelated to questions of guilt or innocence."* In other words, it is noteworthy that *Wexler* created no exceptions to its holding.

Having dispensed with the burden of proof matter, we can assess whether the Commonwealth presented "compelling evidence" justifying retention of Chacker's arrest record.

Here, as in *Wexler*, the Commonwealth not only failed to present *any* evidence warranting preservation of appellant's record, but the only mention it made in support of such a position was in its brief, which simply "maintain[ed] that the defendant was, more probably than not, involved in illicit drug activity by virtue of the establishment by the Commonwealth of a prima facie case at the preliminary hearing[, and, thus,] the Commonwealth's need to maintain records of individuals who, more probably then [sic] not, are engaged in illicit drug traffic, outweigh the interests of the defendant in having an arrest-free criminal history." (Commonwealth's Brief at 5 & n. 1) In an identical vein, we, as did the Court in *Wexler*, find "[n]othing ... more vague or less persuasive." *Id.*, 494 Pa. at 330, 431 A.2d at 880. This is especially true in light of the fact that the efficacy of a *prima facie* determination at a preliminary hearing and its impact upon the expungement court's decision has been neutralized.

■ Additionally, we are confronted with a record barren of any scrutiny by the Commonwealth regarding appellant's particular case.[3] As for the hearing court, the only insight

3. The fact that appellant had testified to being arrested previously, although never before being convicted, did not shift the burden of persuasion from the Commonwealth to show by "compelling evidence" that a need existed to retain appellant's present arrest record. To do otherwise would, in this Court's opinion, create a per se rule that in all instances in which a petitioner has a prior arrest record he is *ipso facto* not entitled, or may not even be a candidate, to have his record expunged, notwithstanding the fact that the Commonwealth failed to present a scintilla of evidence to counter the petitioner's request. The law has not developed to such a callous state as to sanction such an inflexible rule of law.

we have evidencing that it gave this matter some thought is in its citation and quotation of *Commonwealth v. Rose*, 263 Pa.Super. 349, 397 A.2d 1243 (1979), which favored expungement that was not the result of legal technicalities unrelated to questions of guilt or innocence. Based on *Rose*, the hearing court went on to say that because appellant's charges were *nol prossed* because of "procedural defects" the issue of his culpability *vel non* was not decided. It then quoted 35 Pa.C.S.A. § 780–119 and concluded with a denial of appellant's petition.

Based on the meager record created *by the Commonwealth,* which had the initial burden of proving its point of denial, we are not swayed to support the ruling entered below. We do not believe that the mere pronouncement of a general concern for maintaining accurate records of those individuals who, more probably than not, are engaged in illicit drug activity is tantamount to a "compelling reason" calling for the denial of a request for the expungement of one's arrest record. *See Commonwealth v. Armstrong,* 495 Pa. 506, 510, 434 A.2d 1205, 1207 (1981); *Commonwealth v. Wexler, supra; Commonwealth v. Blaiklock,* 291 Pa.Super. 497, 436 A.2d 226 (1981); *Commonwealth v. Welford,* 279 Pa.Super. 300, 420 A.2d 1344 (1980); *see generally Rambo v. Commissioner,* 301 Pa.Super. 135, 447 A.2d 279 (1982).

Order reversed and the record of appellant's arrest is to be expunged.

ROWLEY, J., concurred in the result.