**Commonwealth v. Ward**

*Carolann A. Young,* for defendant.

COFFROTH, *P.J.,* October 31, 1983—We have for consideration and disposition defendant's petition to expunge the records of the above captioned prosecution of defendant for rape in which the justice of the peace found from the testimony presented at preliminary hearing that "a prima facie case was established" and returned the case to court for prosecution. At the preliminary hearing, the prosecuting state police officer, the alleged victim and two other Commonwealth witnesses testified, defendant's written statement was placed in evidence, and defendant and counsel attended.

On August 7, 1973, the then district attorney (Frederick F. Coffroth, Esq.) presented to the grand jury a bill of indictment which was dismissed; the only witness for the Commonwealth before the grand jury was the prosecuting officer who had filed the complaint on information received from the alleged victim. There is no further explanation in the record for the dismissal.

Petitioner alleges as the reason for the request that the record of the prosecution will cause irreparable harm to defendant because he is currently incarcerated in North Carolina on a 12-year sentence for a rape of which he was convicted in that state, and that he will soon be reviewed there for possible favorable transfer, extended visiting privileges and gubernatorial pardon.

Relief from the effects of a public record in the criminal courts is grounded primarily on notions held by appellate judges of due process of law as expressed in relatively recent judicial decisions, not on statutory law. Those decisions establish as the initial requirement for such relief that the prosecution must have terminated in a judicial disposition based on innocence or nonculpability, and that the burden of proof thereof rests upon the party seeking expungement. Commonwealth v. Halverson et al., 39 Somerset, L. J. 246, 257 (1981), and cases therein cited. Defense counsel's brief concedes that such is the requirement, and correctly acknowledges that

"Where the Commonwealth makes out a prima facie case of guilt against the petitioner, he bears the burden of proving nonculpability, and upon such showing, the court must weigh the Commonwealth's interest in retaining the records against the petitioner's interests in expunging same."

The brief further asserts that defendant has met that burden here by virtue of the grand jury's dismissal of the bill of indictment, stating that

"Such determination based on the failure of the Commonwealth to establish guilt on the part of petitioner is consistent with and evidence of real innocence."

We cannot agree with the latter assertion; analysis of the record demonstrates that the Commonwealth did establish a prima facie case of defendant's guilt,

and that defendant has produced no evidence to the contrary.

The reason for the grand jury's dismissal quite clearly appears of record: the then district attorney called as the only witness before the grand jury the prosecuting officer who had no personal knowledge of the facts and who based his prosecution entirely on information obtained from the alleged victim who was the party having primary knowledge of the facts; for some unknown reason, she was not listed as a witness on the indictment by the district attorney and therefore was not called as a grand jury witness. See Criminal Rule 216. So the grand jury's dismissal, most reasonably interpreted, is a declaration of failure to produce a knowledgeable witness to the crime notwithstanding that such witness had appeared and testified at the preliminary hearing, not that defendant had not committed the crime as charged.

Much more persuasive on the issue is the finding of the district justice that a prima facie case of defendant's guilt was established at the preliminary hearing — after hearing not only the prosecutor, but also the testimony of the victim, as well as two other prosecution witnesses and defendant's written statement. Thus the weight of the evidence in the record rather clearly establishes that the termination of the prosecution was not based on innocence or nonculpability, and that defendant has failed to meet his burden to that effect.

Nor is there any reason to consider a grand jury finding in any way superior to or more reliable or weighty than the finding at the preliminary hearing. Indeed, the opposite is true; the latter is a superior forum for the task of adjudication because it is conducted before a neutral judicial officer in a public trial at which all parties may appear and be heard,

and all witnesses are subject to cross-examination if desired, rather than in a secret and unrecorded exparte presentation to a grand jury of laymen, under the effective control of the district attorney. See Commonwealth v. Webster, 462 Pa. 125, 337 A.2d 914 (1975). The difference is so marked that the indicting grand jury has virtually been abandoned in Pennsylvania in favor of the preliminary hearing as the fairest and most effective means of making the initial determination of whether there is a prima facie case against one accused of serious crime. See Pennsylvania Constitution Article 1 §10.[1]

No controlling judicial decision has been brought to our attention which would clearly rule the instant case on its precise facts, but our conclusion is consistent with appellate decisions in similar cases. The following is a summary of those decisions at present, which supplements the listing in Halverson, supra, 257-258:

1. Where the prosecution is judicially terminated by a finding that the Commonwealth does not have a prima facie case against the accused, or on a representation by Commonwealth counsel that it cannot prove a prima facie case, there is a judicial termination based on innocence or nonculpability which shifts to the Commonwealth the burden of justifying retention of the record. See: Commonwealth v. Wexler, supra; Edward M. v. O'Neill, 291 Pa. Super. 531, 436 A.2d 628 (1981); Commonwealth v. Halverson, supra.[2] The same rule applies

1. The indicting Grand Jury was abolished in Somerset County in 1976. See No. 71 Miscellaneous 1973.

2. A dismissal at preliminary hearing, or by grand jury, or by nol pros, does not preclude re-prosecution. See: Criminal Rule 217, grand jury; Commonwealth v. Genovese, 493 Pa. 65 (1981) and Halverson supra., 247, preliminary hearing; Commonwealth v. McDonald, 42 Somerset L. J. 206 (1983), nol

to future re-prosecution after disagreement of the jury. In Re Haefner, 291 Pa. Super. 604, 436 A.2d 665 (1981).

2. Where the accused is acquitted, there is a judicial termination based on innocence or nonculpability without further inquiry into culpability. See: Commonwealth v. Wexler, supra, disapproving Chase v. King, 267 Pa. Super. 498, 406 A.2d 1388 (1979) to the contrary; see also: Commonwealth v. Henley, Pa. Super., 459 A.2d 365 (1983); Rambo v. Commissioner, 301 Pa. Super. 135, 447 A.2d 279 (1982); Commonwealth v. Blaiklock, 291 Pa. Super. 497, 436 A.2d 226 (1981); Commonwealth v. Capone, 282 Pa. Super. 458, 422 A.2d 1383 (1980).

3. One who is convicted is not entitled to expungement. Commonwealth v. Madon, _____ Pa. Super. _____, 465 A.2d 194 (1983).

4. Where a prima facie case has been established by the Commonwealth in pre-verdict proceedings, the accused has the burden of affirmativley demonstrating innocence. Commonwealth v. Iacino, 270 Pa. Super. 350, 411 A.2d 754 (1979) Commonwealth v. Mueller, 258 Pa. Super. 219, 392 A.2d 763 (1978); Commonwealth v. Halverson, supra. That is this case.

5. An accused who successfully completes an ARD program is entitled to expungement unless the Commonwealth demonstrates overriding societal interest in retaining the record. Commonwealth v. Armstrong, 495 Pa. 506, 434 A.2d 1205 (1981).

Even where innocence is established, petitioner's subsequent behavior and criminal record are factors

---

pros. Therefore, before such a disposition can be regarded as a sufficient basis for a conclusion of innocence, some inquiry should be made as to whether the Commonwealth plans or can sustain re-prosecution before considering expungement on the basis of the initial dismissal. See: Halverson supra, 247.

in determining whether a criminal record should be retained. Commonwealth v. Wexler, supra, 330. This petitioner's subsequent conviction of rape in North Carolina is a factor adverse to him; but because of his failure here to establish a disposition based on innocence or nonculpability after the finding of a prima facie case against him, resulting in his disqualification for expungement, we do not reach the question whether the State has a compelling interest in retaining the record.

## ORDER

Now, October 31, 1983, the petition for expungement is denied at petitioner's cost.