612 A.2d 438

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**W.P., Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1992.

Filed June 24, 1992.

Bradley S. Bridge, Asst. Public Defender, Philadelphia, for appellant.

Frances G. Gerson, Asst. Dist. Atty., Philadelphia, for Com.

Before ROWLEY, President Judge, and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

■ We affirm, in a case of first impression,[1] the court's denial of a "Petition to Expunge Criminal Record" by the appellant, W.P.

The appellant's petition alleged that, *inter alia,* he was arrested in November of 1988, charged with various offenses, tried without a jury and found not guilty by reason of insanity. He also claimed that he had no prior record, "ha[d] been caused to suffer embarrassment and irreparable harm" as a result of his arrest, and the expungement of his record would not cause harm to the Commonwealth.

To resolve the matter, the petition was scheduled for a hearing on August 13, 1991. On the date stated, counsel stipulated to the following facts:

> ... a police officer approached the defendant in response to a radio call of a disturbance caused by the defendant. Defendant then attacked him with a knife; police officer shot the defendant one time and he had to be treated at the hospital.... the police officer was also treated for

1. Generally, in those cases in which a petitioner seeking expungement has been found not guilty, had her/his charges dismissed at the preliminary hearing stage or he/she completed an accelerated rehabilitative disposition program, the petition is normally granted. See, e.g., *Commonwealth v. Richardson,* 354 Pa.Super. 194, 511 A.2d 827 (1986) (Acquittal following a directed verdict); *Commonwealth v. Rank,* 312 Pa.Super. 572, 459 A.2d 369 (1983) (Not guilty verdict); *Commonwealth v. Capone,* 282 Pa.Super. 458, 422 A.2d 1383 (1980) (Acquittal by jury); *Matter of Pflaum,* 305 Pa.Super. 600, 451 A.2d 1038 (1982) (Charges dropped before District Justice); *Commonwealth v. Rose,* 263 Pa.Super. 349, 397 A.2d 1243 (1979) (Acquittal at a trial before a District Justice of the Peace); *Commonwealth v. Briley,* 278 Pa.Super. 363, 420 A.2d 582 (1980) (Completion of A.R.D. program).

   Instantly, despite the fact that the petitioner was found *not* guilty of the offenses charged, the relief requested is not justified since his exoneration is not pristine because of its attainment via the defense of insanity (which acknowledges a defendant's "commission of the offense").

lacerations to his legs ... when he fell during the scuffle. Defendant also then attacked a nurse at the hospital.

As an outgrowth of the attack on the officer, the appellant was charged with aggravated assault, simple assault,[2] possession of an instrument of crime, possession of an instrument of crime with a weapon and recklessly endangering another person. At the completion of a non-jury trial, the appellant was found not guilty by reason of insanity.

Thereafter, an expungement hearing was held wherein counsel argued that since 1988 the appellant had served in the military, received an honorable discharge and completed two years at a community college. Thus, it was the contention of counsel for the appellant that her client's record should be expunged because: 1) the Commonwealth had failed to establish any reason for its retention,[3] and 2) the appellant's arrest was the by-product of an "aberration" not repeated since the 1988 incident.

Counsel argued that retaining the appellant's arrest record might impair her client's ability to receive "proper treatment" as a patient in a mental health facility if his record became known, and such information could affect the appellant's ability to secure employment. The court disagreed with counsel on all grounds.

**2.** The appellant was charged with two counts of simple assault. The second simple assault charge was *nol prossed* by the Commonwealth.

**3.** It is to be observed that the Commonwealth gave *no* reason in support of its request that the appellant's petition to expunge be denied. Only in its appellate brief does the Commonwealth articulate its reasons for sustaining the denial of the appellant's petition. We do not find this fatal to the Commonwealth's position. Cf. *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981) (Commonwealth did not advance any reason at expungement hearing; on appeal Supreme Court looked to Commonwealth's brief to assess whether the presentment of compelling reasons for expungement were extant); *Commonwealth v. Chacker*, 320 Pa.Super. 402, 467 A.2d 386 (1983) (Only mention of compelling reasons by the Commonwealth against expungement appeared in its appellate brief; the reasons were responded to on appeal); *Commonwealth v. Hughes*, 295 Pa.Super. 304, 441 A.2d 1244 (1982) (Commonwealth's answer to the appellant's petition to expunge was looked to for reasons not warranting expungement).

First, the court believed that a mental health facility was entitled to know whether the appellant had any "violent" tendencies. Second, the court was presented with no evidence that the appellant was suffering an "impediment" because of his arrest record. Third, and most importantly, the court found that there was no denial by the appellant of having assaulted the police officer, and his "continuing" treatment indicated a potential for recidivism. Accordingly, in the absence of any prejudice being suffered by the appellant, when joined with the fact that the offenses charged had been committed, the request for expungement was denied. This appeal followed.

The sole issue posited for our consideration is whether the court erred in refusing to expunge the appellant's arrest record following a non-jury trial in which he was found not guilty by reason of insanity.

It is well-established in this Commonwealth that in those instances in which the prosecution has been unsuccessful in establishing a defendant's guilt beyond a reasonable doubt, or the prosecution admits to its inability to bear its burden of proof, the force of persuasion remains with the prosecution to produce "compelling evidence" against expungement of one's arrest record. *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981); *Commonwealth v. G.C.*, 398 Pa.Super. 458, 581 A.2d 221 (1990); *Commonwealth v. Chacker*, 320 Pa.Super. 402, 467 A.2d 386 (1983).

In *Commonwealth v. Capone*, 282 Pa.Super. 458, 422 A.2d 1383 (1980), the appellant was acquitted by a jury. In aligning the respective burdens of proof at the expungement hearing, we wrote:

> It is not disputed that appellant was acquitted by a jury as opposed to being discharged as a result of a procedural irregularity. One of the basic tenets of our system of criminal justice is that the accused is innocent until proven guilty beyond a reasonable doubt. We, therefore, refuse to impose upon the appellant the burden of proving his innocence subsequent to acquittal by requiring him to show non-culpability in an expungement hearing.

Id., 282 Pa.Superior Ct. at 461, 422 A.2d at 1385. Accord *Rambo v. Commissioner,* 301 Pa.Super. 135, 447 A.2d 279 (1982) (Commonwealth has burden at expungement hearing where accused is acquitted on appeal by the Pennsylvania Supreme Court); *Commonwealth v. Rose,* 263 Pa.Super. 349, 397 A.2d 1243 (1979) (Commonwealth has burden at expungement hearing where accused is acquitted by justice of the peace).

Instantly, the appellant was found not guilty by reason of insanity because the trier-of-fact concluded that, at the time of the *commission of the offense,* the actor was laboring under such a defect of reason, from a disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong. 18 Pa.C.S.A. § 315 (1983).

■ Traditionally, it is the prosecution which is vested with the burden of proving the accused guilty beyond a reasonable doubt. *Commonwealth v. Sohmer,* 519 Pa. 200, 546 A.2d 601, 605 n. 1 (1988). This burden *does not* shift where there is sufficient evidence to raise the issue of insanity. The burden remains on the Commonwealth to establish the defendant's guilt beyond a reasonable doubt. It need not, however, present evidence sufficient to support a finding of sanity beyond a reasonable doubt. Id.

In this case, as in *Rambo, Capone* and *Rose,* the Commonwealth's failure to satisfy its burden of proof placed the presentment of compelling evidence against expungement upon the Commonwealth. As such, in order to decide whether the Commonwealth has met its burden of showing a compelling reason why an arrest record should be retained, the Commonwealth's interest in retention must be balanced against the individual's interest in expunction. In *Wexler,* our Supreme Court cited the following factors to assist in the weighing process; namely:

> These [factors] include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history,

the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

494 Pa. at 330, 431 A.2d at 879, quoting *Commonwealth v. Iacino,* 270 Pa.Super. 350, 358, 411 A.2d 754, 759 (1979). It was noted that the factors listed were not necessarily an exhaustive or exclusive list; *other factors may require examination in a particular case.* Id. We find that such a case has been presented to us here.

■ To start with, the appellant focuses upon the aberrational nature of the assault, his age (40), the absence of a criminal record before or since the assault, his honorable discharge from the service and the completion of two years of college as reflective of the isolated nature of his aberrant behavior.

Given the insanity defense, we may not merely close our eyes to the whole thrust of the expungement process, i.e., to exculpate an innocent individual from the jaws of unwarranted punishment which manifests itself and flows from the retention of one's arrest record following, e.g., a dismissal of charges at the district justice level, a finding of not guilty, acquittal on appeal or completion of an accelerated rehabilitative disposition program; viz.:

Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been used in deciding whether to

allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender.

*Commonwealth v. Malone*, 244 Pa.Super. 62, 68–69, 366 A.2d 584, 587–88, quoting *Menard v. Mitchell*, 139 U.S.App. D.C. 113, 117, 430 F.2d 486, 49–91 (1970). Accord *Commonwealth v. Rank*, 312 Pa.Super. 572, 459 A.2d 369, 372 (1983); *Commonwealth v. Briley*, 278 Pa.Super. 363, 420 A.2d 582, 584, 587 (1980). Ergo, punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy the denial of that right, a court has the authority to order the expungement of an arrest record. *Matter of Pflaum*, 305 Pa.Super. 600, 451 A.2d 1038, 1041 (1982), quoting *Malone, supra,* 244 Pa.Super. at 69, 366 A.2d at 588.

The case law which we have examined endorses the tenet that "expunction is proper only in cases were acquittal is consistent with a finding [of] innocence and is not a result of legal technicalities unrelated to questions of guilt or innocence." *Commonwealth v. G.C., supra,* 398 Pa.Super. at 462, 581 A.2d at 224; *Matter of Pflaum, supra,* 305 Pa.Super. at 605–606, 451 A.2d at 1041; *Iacino, supra,* 270 Pa.Super. at 354–355, 411 A.2d at 757; *Rose, supra,* 263 Pa.Super. at 351, 397 A.2d at 1244; *Wert v. Jennings,* 249 Pa.Super. 467, 378 A.2d 390, 392 (1977); *Malone, supra,* 244 Pa.Super. at 68–69, 366 A.2d at 588.

Although we in no way equate a not-guilty-by-reason-of-insanity verdict with a "legal technicality" removed from a finding of innocence or guilt, we do note that the defense of insanity by its very terms accepts the fact that the actor had engaged in "the commission of the offense" being tried. See *Sohmer, supra;* see also 18 Pa.C.S.A. § 315(b).[4] To

---

4. **§ 315. Insanity**

 (a) General rule.—The mental soundness of an actor engaged in conduct charged to constitute an offense shall only be a defense to the charged offense when the actor proves by a preponderance of

this extent, we observe that there was no denial by counsel for the appellant at the expungement hearing (counsel nodded her "head up and down") to the court's remark that the appellant "did the act, there's no question; you don't deny that." Contrast *Commonwealth v. G.C.,* supra.

Further, the record discloses that the appellant's assault was committed with a weapon ("knife") against a police officer who had to use "extreme" force to quell the affray. Also, there was evidence that the appellant's conduct caused serious harm to himself (gunshot wound) and the officer resulting in the need for medical treatment. Indeed, at the expungement hearing there was a stipulation by counsel that the appellant not only "scuffled" with the officer, but the appellant "attacked a nurse at the hospital." [5]

Therefore, we do not have an innocuous encounter between citizen and law enforcement officer wherein neither is exposed to or sustains (serious) bodily injury or no force is utilized to diffuse the meeting. Rather, we have a police officer responding to a disturbance which erupts into a volatile situation leading to a shooting of the appellant for his bellicose activity and the interjection of a knife into the fray.

Notwithstanding the fact that the incident was singular in nature—the appellant has had no other episode since the 1988 incident—we may not ignore the severity of the confrontation, the force needed to subdue the appellant, his use

the evidence that the actor was legally insane at the time of the commission of the offense.

(b) Definition.—For purposes of this section, the phrase "legally insane" means that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act, that he did not know that what he was doing was wrong.

Act of December 15, 1982, P.L. 1262, No. 286, § 1, 18 Pa.C.S.A. § 315.

5. Even though the appellant was not prosecuted for his attack on the nurse, we are not foreclosed from considering this as a factor in weighing the propriety of the denial of the expungement petition. See *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981) (List of factors to consider in expungement context is not exclusive; it can be added to when appropriate).

of a knife as an offensive weapon and the resultant injuries to the appellant and police, as well as the hospital encounter between nurse and appellant. Contrast *In re Haefner*, 291 Pa.Super. 604, 436 A.2d 665, 666 (1981); *Briley*, supra. 278 Pa.Super. at 370, 420 A.2d at 586.

Most importantly, however, one cannot ignore the fact that the appellant is "still being treated" for his malady, a point which was not disputed by his counsel who noted that "he has been *monitored* since he's been in the programs" without incident. N.T. 9 and 12 (Emphasis added). Even the court found that the appellant's continuing treatment posed "a chance of recidivism". And, with this likelihood in the offing, the court stated:

> This is not the case where somebody has absolutely done nothing and is suffering prejudice. This is a case, it may certainly work a hardship on the defendant, but it may work a harder hardship in the future on other people.
>
>   *   *   *   *   *   *
>
> [The appellant] was found not guilty by reason of insanity. It's slightly different—in fact, tremendously different—where there's a finding of not guilty, period.

Id. at 11 and 12. In its opinion at page 2, the court supplemented its decision with the following observations:

> In order for expungement to be granted, the Court must be satisfied that the individual's interest in being free from the disabilities created by the criminal record outweigh the Commonwealth's interest in retaining it. *Commonwealth v. PFLAUM*, 305 Pa.Super. 600, 451 A.2d 1038 (1982). At the conclusion of the hearing in this matter, we were not satisfied that the defendant's interests outweighed that of the Commonwealth. The underlying case is not one of outright acquittal nor is it one in which the Commonwealth withdrew prosecution or entered a *nolle pros.* In point of fact, the defendant essentially admitted to the violent conduct involved but was successful in negating the intent element of the crimes charged. Despite the verdict rendered at trial, this Court believes that the Commonwealth has a compel-

ling interest in maintaining such a record of violence, especially one involving an attack on a police officer. The generalized and presumed disabilities related by the defendant pale by comparison to the Commonwealth's need to retain the record of the underlying incident. Mental health treatment aside, the defendant is a dangerous individual whose record of violence should be maintained as a protection for society and those that enforce its laws.

We agree, and we would add that the circumstances surrounding the appellant's arrest, his admission to the commission of the assault and the continuing nature of his treatment for mental illness weigh in favor of the Commonwealth retaining his arrest record. Appellant is not a petitioner who comes before us cloaked in the mantel of innocence seeking to eradicate a blemish on his good name and character. On the contrary, but for the defense of insanity, the appellant might have received a term of imprisonment for his obstreperous behavior against a police officer. See 18 Pa.C.S.A. § 314 (Guilty but mentally ill); *Sohmer*, supra.

Order affirmed.

MONTEMURO, J., concurs in the result.