448 A.2d 632

In the Interest of Darryl LOWE.

Appeal of the COMMONWEALTH of Pennsylvania.

In the Interest of Brian ROSS.

Appeal of the COMMONWEALTH of Pennsylvania.

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed July 23, 1982.

Nancy D. Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Karl Baker, Assistant Public Defender, Philadelphia, for appellees.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

These are consolidated appeals taken by the Commonwealth from separate orders entered by the court of common pleas on July 24, 1979 and March 4, 1980. Those orders directed the expungement of all juvenile records pertaining to appellees herein, Darryl Lowe and Brian Ross. The Commonwealth contends that the court below erred in ordering the remedy of expungement because appellees had been adjudicated delinquent. We agree and, accordingly, reverse the orders.

The relevant facts are undisputed. Appellee Lowe was arrested on February 13, 1976, and charged with aggravated assault, simple assault, possessing an instrument of crime, possessing an offensive weapon, and conspiracy.[1] On April 8, 1976, he was adjudicated delinquent on the charge of possessing an instrument of crime and placed on probation. Sixteen days later, Lowe was again arrested in connection with another incident and charged with possessing an instrument of crime, possessing an offensive weapon, and violating the Uniform Firearms Act.[2] He was adjudicated delinquent on all charges on May 6, 1976, and placed on intensive probation. Lowe was next arrested on February 26, 1977, in connection with an armed robbery. He was charged with robbery, burglary, receiving stolen property, violating the Uniform Firearms Act, possessing an instrument of crime, possessing an offensive weapon, terroristic threats, and conspiracy. On March 28, 1977, Lowe was adjudicated delinquent on these charges and was committed to the facility at Cornwell Heights.

1. The arrest on February 13, 1976, was not Lowe's first encounter with the juvenile justice system. He was arrested on April 13, 1975, and charged with auto theft, receiving stolen property, and conspiracy. Those charges were informally adjusted two days later. Lowe was also arrested on June 1, 1975, and charged with possession of a controlled substance, receiving stolen property, and robbery. Those charges were also adjusted informally on June 19, 1975. (Record at 2a).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended, 18 Pa.C.S.A. § 6101 et seq.

Appellee Ross was arrested on February 17, 1977, and charged with possession of a controlled substance with intent to deliver. The charge was disposed of by a consent decree in which Ross agreed to regular counseling and school attendance. On July 31, 1978, Ross was arrested and charged with robbery. He was adjudicated delinquent on August 16, 1978, and was placed on intensive probation, from which he was discharged in March, 1979.

Appellee Lowe filed a petition to expunge his juvenile record on June 8, 1979, which petition was granted by the court below on July 24, 1979. The court below found that, despite having successfully completed the program of rehabilitation in which he had been placed and having graduated from high school, Lowe could not enlist in the United States Marine Corps because of his juvenile record. The court thus concluded that expungement was warranted. (Record at 5a). Appellee Ross filed a petition to expunge his juvenile record on December 3, 1979. Following a hearing on March 4, 1980, the court of common pleas granted the petition. In its opinion in support of its order granting the petition, the court below, noting that Ross had been both admitted to and planning to attend college, stated: "This Court should not in any way act as a deterrent from such higher education and, therefore, the possible detremental [sic] effect of a juvenile record must be eliminated where the facts warrant the expungement. The facts regarding this Defendant warrant such an expungement." (Record at 19a).[3]

Our disposition of the instant appeals is controlled by our recent decision in *Edward M. v. O'Neill*, 291 Pa. Superior Ct. 531, 436 A.2d 628 (1981), in which we held that the remedy of expungement is not available to juveniles who have been adjudicated delinquent. *Cf. Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981) (expungement appropriate where juvenile entered into consent decree as an alternative to adjudication of delinquency). We find *O'Neill* to be

---

**3.** The Commonwealth filed timely notices of appeal from both orders and, pursuant to Pa.R.A.P. 513, moved to consolidate the appeals. The motion to consolidate was granted by this court on July 24, 1980.

274

wholly dispositive of the issue presented in these appeals and, therefore, reverse the orders of the court of common pleas granting appellees' petitions to expunge their juvenile records.[4]

The orders are reversed.

---

**4.** This does not mean that appellees are forever precluded from having their juvenile records expunged. It is entirely possible that appellees may, now or in the future, satisfy the statutory requirements for expungement of juvenile records set out in section 9123(a) of the Criminal History Record Information Act of July 16, 1979, P.L. 116, No. 47, § 2, *as amended*, 18 Pa.C.S.A. § 9123(a). Our decision today in no way prejudices either appellees' right to relief under that section. *See Edward M. v. O'Neill*, 291 Pa. Superior Ct. 531, 544, 436 A.2d 628, 634 (1981).