**Commonwealth v. Piskanin**

*Michael Piskanin,* pro se.

STEINBERG, *J.,* October 28, 2008—On July 10, 2008, the appellant, Michael Piskanin, filed a pro se "petition to open and/or set aside, appeal juvenile adjudications nunc pro tunc," seeking to have his juvenile records expunged. The appellant has taken this pro se appeal from this court's order of July 16, 2008, dismissing that petition.

## DISCUSSION

The appellant initially filed a "pro se preliminary motion in anticipation of filing motion for expungement/destruction of juvenile record," which was denied on February 14, 2008. Thereafter, the appellant filed his pro se "petition to open and/or set aside, appeal juvenile adjudications nunc pro tunc," which is the subject of this appeal, on July 10, 2008. This court denied that petition on July 16, 2008.

In the appellant's request for expungement he contends that he was unaware that his juvenile record had not been expunged. The appellant asserts that "[b]y operation of law, five years after petitioner reached the age of 18, without new convictions, he was entitled, as a matter of right to expungement."[1] This court concludes that the

---

1. "Petition to open and/or set aside, appeal juvenile adjudications nunc pro tunc," ¶3.

appellant is not entitled to have his juvenile record expunged.

The Criminal History Record Information Act, (C.H.R.I.A.), 18 Pa.C.S. §9123, governs the expungement of juvenile records. Its purpose "is to provide an opportunity for children who crash upon the reef of criminal behavior to leave behind the damaging effect of such collision upon a showing that they had exercised sufficient restraint as to reasonably assure the authorities that total redemption was justified." *In Interest of Jacobs,* 334 Pa. Super. 613, 618, 483 A.2d 907, 909 (1984). The legislature never intended to permit those who continue to shipwreck their lives the opportunity to disguise their criminal history. Section 9123 of C.H.R.I.A., provides, in pertinent part, the following:

"(a) . . . [E]xpungement of records of juvenile delinquency cases . . . shall occur . . . whenever the court . . . upon the motion of a child or the parents or guardian finds: . . .

"(3) five years have elapsed since the final discharge of the person from commitment, placement, probation or any other disposition and referral and since such final discharge, the person has not been convicted of a felony, misdemeanor or adjudicated delinquent and no proceeding is pending seeking such conviction or adjudication; or

"(4) the individual is 18 years of age or older, the attorney for the Commonwealth consents to the expungement and a court orders the expungement after giving consideration to the following factors:

"(i) the type of offense;

"(ii) the individual's age, history of employment, criminal activity and drug or alcohol problems;

"(iii) adverse consequences that the individual may suffer if the records are not expunged; and

"(iv) whether retention of the record is required for purposes of protection of the public safety."

It is evident from a reading of this statute in conjunction with the appellant's criminal history, that an expungement would be inappropriate in this case. Five years have elapsed since the appellant's discharge from "commitment, placement, or any other disposition" as a juvenile, but he has been convicted of numerous felony and misdemeanor offenses throughout his adult life. Section 9123(a)(3) was intended as an initial starting point for requesting an expungement. The failure to make that request for decades, while accumulating a significant criminal record, does not require the courts to grant an undeserved expungement.

Section 9123(a)(4) permits a juvenile record to be expunged subject to the discretion of the court after consideration of the enumerated factors. Although a juvenile record may be harmful to a person's reputation and hinder opportunities for advancement in life, in this case, there is minimal, if any, harm in maintaining the appellant's juvenile record. The appellant is, without fear of overstatement, a career criminal. His most recent convictions involved charges of theft by deception, receiving stolen property and identity theft (60 counts),[2]

2. See Lehigh County docket number 2072-2004; 2072 EDA 2005.

and he is currently serving a seven- to 14-year sentence. His extensive prior adult criminal history, which began in earnest in 1977, contains offenses that could best be described as "crimen falsi" or "grift" offenses. The appellant's attempt to now have his juvenile record, which includes adjudications for burglary, larceny of motor vehicles, robbery and vandalism, expunged is frivolous. While not as sophisticated as his adult record, his juvenile record is also comprised of crimes involving falsehood and dishonesty.

In light of the appellant's extensive criminal history, maintaining his juvenile record outweighs any claims he could possibly create to warrant an expungement. The only adverse consequences to the appellant would be the ability of a court to observe the appellant's complete criminal history. Even though the appellant's adult record provides ample information for sentencing purposes, this does not require the courts to ignore the juvenile record[3] or permit an expungement.

For all the foregoing reasons, the pro se "petition to open and/or set aside, appeal juvenile adjudications nunc pro tunc" should be dismissed.

## ORDER

And now, October 28, 2008, it appearing that the appellant has filed a notice of appeal in the above-captioned matter; and it further appearing that the attached opinion satisfies the requirements of Pa.R.A.P. 1925(a); it is

---

3. 202 Pa. Code §303.6(c)(2).

hereby ordered that the clerk of courts, criminal division, shall transmit the record in the above-captioned matter to the Superior Court forthwith; it is further ordered that the clerk of courts shall include with the transmittal of the record the following documents:

(1) A copy of the appellant's pre-sentence investigation report for review by the Superior Court, and that said report shall be sealed to preserve its confidentiality pursuant to Pa.R.Crim.P. 703.