987 A.2d 769 (2009)
In the Interest of A.B.
Appeal of A.B.
No. 2149 EDA 2006
Superior Court of Pennsylvania.
Argued October 23, 2008.
Filed December 24, 2009.
*771 Michael A. Ventrella, Tannersville, for appellant.
Michael T. Rakaczewski, Assistant District Attorney, for Commonwealth, appellee.
BEFORE: STEVENS, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, SHOGAN, FREEDBERG, and CLELAND, JJ.
OPINION BY GANTMAN, J.:
¶ 1 Appellant, A.B., appeals from the order entered in the Monroe County Court of Common Pleas, which denied his petition to expunge his juvenile record. Specifically, Appellant asks us to determine whether the court committed an error of law or an abuse of discretion when it denied Appellant's petition, after he had fulfilled all of the requirements for expungement under 18 Pa.C.S.A. § 9123(a)(3). After careful review of the certified record as well as the relevant law pertaining to expungement of juvenile records, we hold the trial court misapplied the law in denying Appellant's expungement petition, where Appellant fulfilled the requirements under Section 9123(a)(3); and the Commonwealth failed to show cause to deny expungement and retain Appellant's juvenile record. Accordingly, we reverse and remand with directions to expunge Appellant's juvenile record.
¶ 2 The trial court opinion set forth the relevant facts and some of the procedural history of this case as follows:
On or about January 29, 1999, a Juvenile Petition was filed against [Appellant], alleging that on or about January 26, 1999 at Pocono Mountain Senior High School, [Appellant] knowingly or intentionally possessed 185 white pills, knowing that he was not licensed or privileged to do so; [Appellant] knowingly or intentionally possessed 185 white pills with the intent to manufacture or deliver the same, knowing that he was not licensed or privileged to do so; and that [Appellant] used or possessed with intent to use drug paraphernalia. [Appellant] subsequently made an admission to one count of Possession with Intent to Deliver a Controlled Substance ["PWID"], an ungraded felony if he had been an adult. On March 8, 1999, [the court] entered an Order placing [Appellant] with Youth Services of Pennsylvania. On June 24, 1999, Appellant was released from Youth Services of Pennsylvania and placed on probation for a period of six months.
On April 20, 2006, [Appellant] filed a Petition to Expunge. A hearing on [Appellant's] Petition to Expunge was held on June 28, 2006. On June 29, 2006, [Appellant] and the Commonwealth submitted memoranda of law in support of their respective positions. On July 7, 2006, [the court] entered an order denying [Appellant's] Petition to Expunge. *772 [Appellant] filed a notice of appeal ... on August 1, 2006. On August 7, 2006, [Appellant] filed a Statement pursuant to Pa.R.A.P. 1925(b).
(Trial Court Opinion, filed October 2, 2006, at 1-2).
¶ 3 On June 1, 2007, a unanimous panel of this Court initially reversed and remanded the matter to the trial court to expunge Appellant's juvenile record. On June 13, 2007, the Commonwealth filed an application for reargument. In response, the original panel first allowed panel reconsideration but subsequently recommended en banc reargument, which this Court granted.
¶ 4 Appellant presents the following issue for review:
DID THE [TRIAL] COURT ABUSE ITS DISCRETION WHEN, AFTER [APPELLANT] HAD FULFILLED ALL THE REQUIREMENTS OF 18 PA.C.S.A. § 9123, IT DENIED THE PETITION TO EXPUNGE?
(Appellant's Brief on Reargument at 4).
¶ 5 Appellant argues he is entitled to expungement of his juvenile record as a matter of law, because he met the requirements under 18 Pa.C.S.A. § 9123(a)(3). Specifically, Appellant alleges five (5) years elapsed since his final discharge from probation, he has not been convicted of a subsequent felony, misdemeanor or adjudication of delinquency, and no proceeding is pending seeking a conviction or adjudication. Appellant maintains he finished high school, works a steady job, takes courses at a community college, and has had no further encounters with the legal system since the one in 1999. Appellant contends the court overlooked the statutory mandate to expunge his record under Section 9123(a)(3) and, instead, relied solely on the statutory language that provides for denial of expungement "upon cause shown" to support its decision that the disposition of a juvenile expungement petition is wholly discretionary. Appellant insists the court's application of the statute is flawed. Appellant reasons the meaning of the phrase "except upon cause shown" does not render the entire statute a matter of judicial discretion, as the Commonwealth suggests. Appellant maintains the application of the juvenile expungement statute in his case raises a question of statutory construction and interpretation, which is a pure question of law.
¶ 6 Alternatively, Appellant asserts that even if this Court agrees the process of juvenile record expungement is wholly a matter of judicial discretion, the court nonetheless abused its discretion in this case. Appellant submits the court erroneously referred to the criminal code at 35 P.S. § 780-119(a) in making its decision to deny his petition for expungement, where that statute applies only to criminal offenses. Appellant posits the court's reliance on Section 780-119(a) is counter to the clear intent of Pennsylvania juvenile law, which is primarily to provide juveniles with an opportunity to correct their behavior, continue with their lives without the stigma of an adjudication, obtain treatment, and achieve rehabilitation. Appellant claims the Commonwealth's focus on the "nature" of his juvenile offense is inappropriate as the nature of the juvenile offense alone is insufficient to overcome the statutory mandate for expungement. Appellant reiterates he met the requirements of Section 9123(a)(3), and the court should have granted his expungement petition on that basis. Appellant concludes the court erred as a matter of law or abused its discretion in denying his petition, and this Court should reverse and remand with a directive to expunge his juvenile record.
¶ 7 In response, the Commonwealth argues the denial of Appellant's expungement *773 petition was a proper exercise of the court's discretionary powers, based on society's interest in retaining Appellant's records for the protection of the public. The Commonwealth concedes Appellant satisfied the statutory requirements specified in Section 9123(a)(3). Nevertheless, the Commonwealth contends it "showed cause" to deny Appellant's expungement petition because: Appellant was seventeen (17) years old at the time of the offense; he admitted to the offense of PWID; and the offense involved selling drugs in school and possessing one-hundred eighty-five (185) Ecstasy pills. The Commonwealth further submits Appellant failed to present evidence of adverse consequences arising from his juvenile record; instead, Appellant is now employed and attends college. The Commonwealth directs this Court's attention to the factors set forth in Section 9123(a)(4) to determine the meaning of "cause shown," such as the nature of the Appellant's offense, his age, history of employment, criminal activity and drug or alcohol problems, adverse consequences he might suffer if the records are not expunged, and the protection of public safety. The Commonwealth suggests consideration of factors related to substantive due process, including the factors set forth in Commonwealth v. Wexler, 494 Pa. 325, 431 A.2d 877 (1981), provides additional guidance for the meaning of the term "cause shown." The Commonwealth concludes the court properly denied Appellant's expungement petition. For the following reasons, we hold the relief Appellant requests is warranted.
¶ 8 A challenge to the court's interpretation and application of a statute raises a question of law. Commonwealth v. Williams, 871 A.2d 254, 262 (Pa.Super.2005). "As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary." In re Wilson, 879 A.2d 199, 214 (Pa.Super.2005) (en banc).
¶ 9 This case involves the interpretation and application of Section 9123 of the Criminal History Record Information Act ("CHRIA"), which governs expungement of juvenile records and provides, in relevant part, as follows:
§ 9123. Juvenile Record
(a) Expungement of juvenile records.Notwithstanding the provisions of section 9105 (relating to other criminal justice information) and except upon cause shown, expungement of records of juvenile delinquency cases wherever kept or retained shall occur after 30 days' notice to the district attorney, whenever the court upon its motion or upon the motion of a child or the parents or guardian finds:
(1) a complaint is filed which is not substantiated or the petition which is filed as a result of a complaint is dismissed by the court;
(2) six months have elapsed since the final discharge of the person from supervision under a consent decree and no proceeding seeking adjudication or conviction is pending;
(3) five years have elapsed since the final discharge of the person from commitment, placement, probation or any other disposition and referral and since such final discharge, the person has not been convicted of a felony, misdemeanor or adjudicated delinquent and no proceeding is pending seeking such conviction or adjudication; or
(4) the individual is 18 years of age or older, the attorney for the Commonwealth consents to the expungement and a court orders the expungement after giving consideration to the following factors:
(i) the type of offense;

*774 (ii) the individual's age, history of employment, criminal activity and drug or alcohol problems;
(iii) adverse consequences that the individual may suffer if the records are not expunged; and
(iv) whether retention of the record is required for purposes of protection of the public safety.
18 Pa.C.S.A. § 9123(a)(1-4) (emphasis added).
¶ 10 We begin our analysis with a review of various doctrines of statutory construction, the polestar of which is to determine the intent of the Legislature. 1 Pa.C.S.A. § 1921(a). Section 1921 in full provides:
§ 1921. Legislative intent controls
(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
(1) The occasion and necessity for the statute.
(2) The circumstances under which it was enacted.
(3) The mischief to be remedied.
(4) The object to be attained.
(5) The former law, if any, including other statutes upon the same or similar subjects.
(6) The consequences of a particular interpretation.
(7) The contemporaneous legislative history.
(8) Legislative and administrative interpretations of such statute.
1 Pa.C.S.A. § 1921. See also Commonwealth v. Menezes, 871 A.2d 204, 209 (Pa.Super.2005), appeal denied, 586 Pa. 724, 890 A.2d 1057 (2005); Commonwealth v. Reaser, 851 A.2d 144, 148 (Pa.Super.2004), appeal denied, 581 Pa. 674, 863 A.2d 1145 (2004).
When interpreting a statute, the court must give plain meaning to the words of the statute. It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute. Moreover, we presume the legislature did not intend an absurd or unreasonable result.
In re R.D.R., 876 A.2d 1009, 1016 (Pa.Super.2005). Section 1928 further describes the rule of strict and liberal construction as follows:
§ 1928. Rule of strict and liberal construction
(a) The rule that statutes in derogation of the common law are to be strictly construed, shall have no application to the statutes of this Commonwealth enacted finally after September 1, 1937.
(b) All provisions of a statute of the classes hereafter enumerated shall be strictly construed:
(1) Penal provisions.
(2) Retroactive provisions.
(3) Provisions imposing taxes.
(4) Provisions conferring the power of eminent domain.
(5) Provisions exempting persons and property from taxation.
(6) Provisions exempting property from the power of eminent domain.
(7) Provisions decreasing the jurisdiction of a court of record.

*775 (8) Provisions enacted finally prior to September 1, 1937 which are in derogation of the common law.
(c) All other provisions of a statute shall be liberally construed to effect their objects and to promote justice.
1 Pa.C.S.A. § 1928.
¶ 11 Pursuant to 18 Pa.C.S.A. § 9102, the term "expunge" means: "(1) To remove information so that there is no trace or indication that such information existed; (2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or (3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to [adult criminal record] expungement), when an individual has successfully completed the conditions of any pretrial or posttrial diversion or probation program." 18 Pa. C.S.A. § 9102; Schmidt v. Deutsch Larrimore Famish & Anderson, LLP, 876 A.2d 1044, 1047 n. 2 (Pa.Super.2005). Section 9123 pertaining to juveniles provides the remedy of record expungement upon satisfaction of the statutory criteria, "except upon cause shown." 18 Pa.C.S.A. 9123(a). Remedial legislation enjoys liberal construction, while any exceptions to its remedial provisions must be narrowly construed. See generally Borough of Youngwood v. Pennsylvania Prevailing Wage Appeals Board, 596 Pa. 603, 615, 947 A.2d 724, 731 (2008); Commonwealth v. Wilgus, 975 A.2d 1183, 1187 (Pa.Super.2009).
¶ 12 Moreover, when a statute contains the word "shall," it is "by definition mandatory, and is generally applied as such." Chanceford Aviation Properties, L.L.P. v. Chanceford Tp. Bd. of Supervisors, 592 Pa. 100, 108, 923 A.2d 1099, 1104 (2007). The Pennsylvania Supreme Court "has recognized that the term `shall' is mandatory for purposes of statutory construction when a statute is unambiguous." Id. Under the "shall" rule, Section 9123(a) favors expungement whenever a juvenile offender has met the requirements of any subsection under the statute. 18 Pa.C.S.A. § 9123(a). The Commonwealth bears the burden to meet the "show cause" exception for denial of expungement. Id.
¶ 13 In Pennsylvania, "juvenile proceedings are not criminal proceedings." In re S.A.S., 839 A.2d 1106, 1108 (Pa.Super.2003) (citing In re R.A., 761 A.2d 1220, 1223 (Pa.Super.2000)).
Under the Juvenile Act, juveniles are not charged with crimes; they are charged with committing delinquent acts. They do not have a trial; they have an adjudicatory hearing. If the charges are substantiated, they are not convicted; they are adjudicated delinquent. Indeed, the Juvenile Act expressly provides an adjudication under its provisions is not a conviction of a crime. 42 Pa.C.S.A. 6354(a).... These are not insignificant differences or the transposing of synonyms. The entire juvenile system is different, with different purposes and different rules.
In re S.A.S., supra at 1108-09 (some internal citations omitted).
¶ 14 The stated purpose of the Juvenile Act is as follows:
Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.
*776 42 Pa.C.S.A. § 6301(b)(2). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents. The rehabilitative purpose of the Juvenile Act is attained through accountability and the development of personal qualities that will enable the juvenile offender to become a responsible and productive member of the community." In re R.D.R., supra at 1013 (internal citations and quotation marks omitted). See also Commonwealth v. Hooks, 921 A.2d 1199, 1206 (Pa.Super.2007), appeal denied, 594 Pa. 695, 934 A.2d 1276 (2007) (stating specific goal of Juvenile Act is to provide care, protection and wholesome mental and physical development of children within provisions of Act; Act protects juvenile offenders until their eighteenth birthday, not just until day before). The express purpose of the Juvenile Act is to allow for treatment, reformation and rehabilitation of juvenile offenders, not to punish them. In re K.J.V., 939 A.2d 426, 428 (Pa.Super.2007). "To this end, the juvenile court system was designed to provide [a] distinctive procedure and setting to deal with the problems of youth." Id.
¶ 15 This Court has already ascertained the clear intent of CHRIA with respect to juveniles as follows:
The purpose of [CHRIA] is to provide an opportunity for children who crash upon the reef of criminal behavior to leave behind the damaging effect of such collision upon a showing that they had exercised sufficient restraint as to reasonably assure the authorities that total redemption was justified. [CHRIA] gave the delinquent and dependent child something they never before had. Although the intent and promise of the juvenile justice movement in this State and Country since the Act of April 23, 1903, P.L. 274 was declared constitutional in Commonwealth v. Fisher, 213 Pa. 48, 62 A. 198 (1905), was to insulate the child from the harshness of the criminal law and to provide treatment and rehabilitation instead of punishment, there was always an elusive stigma attached to an adjudication of delinquency and/or dependency, which the expungement act sought to eliminate. The balance clearly proposed by the legislature was to give the child this additional benefit, but only if deserving, for there is an equal consideration of protection of public safety by having the record of the child available if his chronic behavior and course of conduct presage adult criminal behavior.
In Interest of Jacobs, 334 Pa.Super. 613, 483 A.2d 907, 909 (1984) (emphasis added).
¶ 16 Prior to the enactment of CHRIA in 1980, the court was left to decide whether to expunge a juvenile record by balancing the Commonwealth's interest in preserving the record against the juvenile's interest in avoiding the numerous disadvantages of retention of the juvenile record. In Interest of John W., 300 Pa.Super. 293, 446 A.2d 621 (1982). CHRIA, however, states the court "shall" expunge a juvenile record where the petitioner meets the requirements of any subsection under Section 9123(a)(3), unless the Commonwealth successfully justifies retention of the juvenile record, otherwise stated as "except upon cause shown."[1] 18 Pa.C.S.A. § 9123(a); In Interest of Jacobs, supra.
*777 ¶ 17 In denying Appellant's petition, the court relied heavily on Section 780-119(a) of the Controlled Substance, Drug, Device and Cosmetic Act, referring to the expungement of criminal records for offenses under certain circumstances, which in part provides:
§ 780-119. Expunging criminal records
(a) Any records of arrest or prosecution or both for a criminal offense under this act, except for persons indicted for [PWID] or under the provisions previously governing controlled substances in the Commonwealth of Pennsylvania or any political subdivision thereof shall be promptly expunged from the official and unofficial arrest and other criminal records pertaining to that individual when the charges are withdrawn or dismissed or the person is acquitted of the charges: Provided, That such expungement shall be available as a matter of right to any person only once....
* * *
35 P.S. § 780-119(a) (emphasis added).
¶ 18 Instantly, the court entered a disposition order on March 8, 1999, based upon Appellant's admission. Appellant was released from Youth Services of Pennsylvania on June 24, 1999, and placed on probation for six months. Appellant successfully completed the probation without incident. Over six years later, Appellant filed his expungement petition on April 20, 2006. At that time, more than five (5) years had elapsed since Appellant's discharge from probation, and Appellant did not have any subsequent criminal convictions or delinquency adjudications pending. Therefore, Appellant met the criteria under Section 9123(a)(3). See 18 Pa. C.S.A. § 9123(a)(3). Thus, expungement was mandatory under Section 9123, unless the Commonwealth successfully justified retention of Appellant's juvenile record, otherwise stated as "except upon cause shown." See 18 Pa.C.S.A. § 9123(a); In Interest of Jacobs, supra.
¶ 19 In deciding the Commonwealth had carried that burden, the trial court stated:
At the time [Appellant] petitioned this court to expunge his record, he was twenty-four years old. Since his final discharge from probation, [Appellant] has not been convicted of a felony or misdemeanor or adjudicated delinquent and no proceeding was pending seeking such conviction or adjudication. For the past five years, [Appellant] has been attending Northampton Community College. According to [Appellant], he has been self-employed as a roofer ... since he was eighteen years old. At the hearing on his Petition to Expunge, [Appellant] argued that this [c]ourt should expunge his record so that he can go on with his life and seek better employment; however, [Appellant] failed to present any substantive evidence of adverse consequences that he has suffered as a result of his juvenile record.
The Commonwealth was opposed to the expungement. In support of its position, the Commonwealth focused on the age of [Appellant] at the time he committed the offense, as well as the serious nature of the offense. At the *778 hearing the Commonwealth argued "... [Appellant] was basically selling drugs in school, [and] not just a minor amount. We're talking over a hundred pills of Ecstasy. I think that's very significant."
Additionally, the Commonwealth drew the [c]ourt's attention to [35 P.S. § 780-119(a)]....
* * *
Although [35 P.S. § 780-119(a) ] does not specifically address the expungement of juvenile records, the Commonwealth argued since the Controlled Substance, Drug, Device and Cosmetic Act specifically prohibits the expungement of records where a person was charged with [PWID], we should not grant [Appellant's] Petition for Expungement.
After carefully considering the [Wexler factors], we found that the Commonwealth had shown cause why [Appellant's] record should not be expunged. Although we commend [Appellant] on his efforts to turn his life around, we find that the particular facts of this case do not warrant an expungement. [Appellant] was seventeen years old when he committed the felony offense. This was not a situation where [Appellant] entered into a [c]onsent [d]ecree, rather [Appellant] admitted that he had committed the offense. Furthermore, we find it significant that the drafters of the Controlled Substance, Drug, Device and Cosmetic Act chose to prohibit the expungement of records where a person was charged with [PWID]. As such, we find that [Appellant's] criminal record in this matter should not be expunged because there is a societal interest in retaining his record, namely, the protection of the public safety.
(Trial Court Opinion at 4-6) (emphasis added). We respectfully disagree with the court's analysis.
¶ 20 Essentially, the court focused its review of Appellant's expungement petition on: (1) the nature of Appellant's juvenile offense in relation to Section 780-119(a) of the Controlled Substance, Drug, Device and Cosmetic Act; (2) the Wexler factors; (3) Appellant's age at the time of the offense; (4) Appellant's failure to articulate specific adverse consequences he has suffered as a result of his juvenile record; and (5) the fact that Appellant "admitted" to his juvenile offense.
¶ 21 Initially, we observe the court's reliance on Section 780-119(a) is misplaced. Section 780-119(a) expressly relates to expungement of criminal offenses under the Controlled Substance, Drug, Device and Cosmetic Act, whereas Section 9123(a) specifically deals with expungement of juvenile adjudications. As both statutes address the subject of expungement, we must limit our application of the Section 780-119(a) to criminal offenses, not delinquent acts and juvenile proceedings. See In re J.H., 737 A.2d 275, 278 (Pa.Super.1999), appeal denied, 562 Pa. 671, 753 A.2d 819 (2000) (stating generally statute that expressly applies to crimes and criminal offenses must be limited to crimes and criminal offenses, whereas comparable juvenile statute on same subject will apply to juvenile acts and proceedings). To tolerate the court's reliance on Section 780-119(a), we would have to ignore the express terms of that provision. See id. Under the Juvenile Act, however, Appellant was not charged with, indicted for, or convicted of committing PWID or any other criminal offense. Rather, the juvenile court adjudicated Appellant delinquent on a juvenile offense. See 42 Pa.C.S.A. § 6354(a); In re R.D.R., supra. In relying on Section 780-119(a), the Commonwealth *779 essentially treated Appellant's juvenile adjudication as synonymous with a criminal record, which blurred the fundamental and material differences between the Juvenile Code and the Crimes Code. See id. We expressly reject that parallel between Appellant's juvenile offense and Section 780-119. See In re K.J.V., supra; In re R.D.R., supra; In re S.A.S., supra.
¶ 22 Similarly, we observe the Wexler[2] factors contributed to the court's decision to deny Appellant's petition for expungement. We emphasize, however, that even the Wexler Court applied its factors test only to the adult expungement petitions before that Court, and declined to extend that analysis to the juvenile expungement petition at issue in the case. See Wexler, supra (holding hearing court abused its discretion by denying juvenile expungement petition where Commonwealth failed to assert sufficient overriding interest in retaining juvenile's arrest record; juvenile was seventeen at time of offense and had no prior criminal record, juvenile had not been involved in further criminal activity since her juvenile offense four years earlier, and juvenile gained employment as cashier). Thus, the court's consideration of the Wexler factors to deny Appellant's petition was also misplaced.
¶ 23 Both the Commonwealth and the court also focused on Appellant's age at the time of the juvenile offense and the facts of the offense. Section 9123(a)(3) places no limitations or restrictions on the type of juvenile offenses, which can be expunged under the statute. The Juvenile Act has already designated certain offenses, which are to be treated as adult crimes even if committed by a minor and fall outside the aegis of Section 9123(a); and Appellant's offense was not one of them. See 42 Pa.C.S.A. § 6302.
¶ 24 The Commonwealth failed to present any specific legal theory to justify retention of Appellant's juvenile record. The focus on Appellant's age at the time of the offense is unavailing because the Juvenile Act and its derivative benefits specifically protect Appellant until his eighteenth birthday. See Hooks, supra. Thus, we cannot agree that Appellant's age at the time of his offense and the facts of his offense alone supplied sufficient "cause" to justify denial of his expungement petition.[3] To the contrary, the record makes clear Appellant did not evidence any unlawful behavior since his 1999 offense, and his conduct since his disposition appeared unlikely to presage adult criminal conduct. Compare In Interest of Jacobs, supra (holding Commonwealth showed cause to deny expungement petition of juvenile record where authorities had apprehended juvenile in women's dormitory in possession of butcher knife, length of clothes line, cloth, and wire gag; following completion of probation, juvenile displayed chronic delinquent behavior and course of conduct, including second arrest within less than two years on charges of burglary and related offenses). Moreover, Appellant had *780 no record before his adjudications, he was a juvenile at the time of the offense, and subsequently he is living a law-abiding life. When Appellant filed his expungement petition, he worked a steady job, resided with his mother, and attended community college. Thus, Appellant demonstrated the conditions necessary to reasonably assure his redemption, consistent with the criteria in Section 9123(a)(3). See id.
¶ 25 Further, we recognize there are numerous adverse consequences inherent in the existence of a juvenile record, including the elusive stigma attached to an adjudication of delinquency, which the expungement statute sought to eliminate. Id. Appellant met the statutory requirements for expungement; he had no additional burden to show specific adverse consequences suffered before relief could be granted.[4]
¶ 26 Given the remedial nature of Section 9123(a), Appellant was entitled to a liberal construction and application of the statute, while the "show cause" exception to the remedial provisions should have been narrowly construed against the Commonwealth as its proponent. See Wilgus, supra. Likewise, under the "shall" rule, Section 9123(a) favored expungement of Appellant's juvenile record because he met the criteria of Section 9123(a)(3). Thus, we now hold if a juvenile petitioner satisfies the statutory requirements of Section 9123(a)(3), the record must be expunged, unless the Commonwealth can show specific reasons to justify retention of that particular record. Mere assertion of generic policies such as accurate record keeping or public safety will not satisfy the "cause shown" exception. See In Interest of Jacobs, supra.
¶ 27 Based on the foregoing, we hold the trial court misapplied the law in denying Appellant's expungement petition, where Appellant met the criteria for expungement under Section 9123(a)(3); and the Commonwealth failed to show cause to deny expungement and retain Appellant's juvenile record. Accordingly, we reverse and remand the matter with directions to expunge Appellant's juvenile record.
¶ 28 Order reversed; case remanded. Jurisdiction is relinquished.
¶ 29 Judge KLEIN FILES A DISSENTING OPINION IN WHICH Judge STEVENS JOINS.
DISSENTING OPINION BY KLEIN, J.:
¶ 1 I agree with the majority that there is no automatic expungement of juvenile records if five years have elapsed from the juvenile disposition and the person has no further convictions or adjudications and no criminal actions are pending. 18 Pa.C.S.A. § 9123(a)(3). "Cause shown" is an exception which, if established by the Commonwealth, preempts subsections (1)-(4).
¶ 2 The standard of review then becomes whether the trial judge in this case abused her discretion in finding that the Commonwealth has shown cause why this adjudication should not be expunged. However, I disagree with the majority's conclusion that there was an abuse of discretion in this case. I believe that the distinguished trial judge, the Honorable Margherita Patti Worthington, was well within her discretion in finding that because of the nature of the crime and the fact that the defendant was less than a year shy of his 18th birthday when the offenses occurred, the Commonwealth did show due cause.
*781 ¶ 3 If the crime were committed a few months later, then it is clear that there could be no expungement. As Judge Worthington noted in her 1925(a) opinion, under Section 780-119 of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-119(a), even arrests without convictions for the crime committed in the instance case would prohibit an adult from obtaining expungement. This was not just an arrest with a dismissal of charges or a consent decree. There was an adjudication of delinquency based on the possession with intent to deliver drugs. The crime was serious. It involved the possession with intent to deliver a large number of illegal drugs at a school by a 17-year-old.
¶ 4 Therefore, Judge Worthington, after considering the statutory factors, in particular the seriousness of the crime, as well as the fact that an adult charged with this offense is precluded from expungement even if acquitted and that A.B. was less than one year shy of adulthood, properly denied expungement. Whether or not I or any other judge would have made the same determination, such a conclusion was well within Judge Worthington's discretion in determining that the Commonwealth established cause to deny expungement. Accordingly, I believe the trial judge's order should be affirmed, and I must respectfully dissent.
NOTES
[1] CHRIA contains no precise definition for the words "except upon cause shown" in Section 9123, although Section 9123(a)(4) sets forth several factors for the court to consider upon review of a juvenile expungement petition filed under that subsection, where the Commonwealth consents to expungement and the petitioner is at least eighteen (18) years old: (1) the type of offense; (2) the individual's age, history of employment, criminal activity and drug or alcohol problems; (3) adverse consequences that the individual may suffer if the records are not expunged; and (4) whether retention of the record is required for purposes of protection of the public safety. See 18 Pa.C.S.A. 9123(a)(4)(i-iv). The Commonwealth suggests we rely on these factors to review the court's decision under Section 9123(a)(3). We observe, however, that Section 9123(a) is set forth in the disjunctive. Therefore, we decline the Commonwealth's invitation to overlook the explicit terms of the statute.
[2] The Wexler Court set forth a non-exhaustive list of factors for the court's consideration on review of an adult expungement petition as follows: (1) the strength of the Commonwealth's case against the petitioner; (2) the reasons the Commonwealth gives for wishing to retain the records; (3) the petitioner's age, criminal record, and employment history; (4) the length of time that has elapsed between the arrest and the petition to expunge; and (5) the adverse consequences the petitioner may endure should expungement be denied. Wexler, supra at 330, 431 A.2d at 879.
[3] The fact that Appellant "admitted" his offense should not be used against him at this juncture, where Appellant's admission streamlined the juvenile adjudication and spared the Commonwealth the time and expense associated with substantiating the charge.
[4] Questions regarding his juvenile record could arise in applications for military service, for higher education, as well as other contexts.