## Rule 170.  MOTION TO EXPUNGE OR DESTROY RECORDS

A. **Motion.**   Upon motion, or *sua sponte*, expungement proceedings may be commenced:

1) if a written allegation is not approved for prosecution;

2) if the petition is dismissed by the court;

3) in consent decree and informal adjustment cases:

    a)  when six months have elapsed since the final discharge of the juvenile from supervision; and

    b)  if no proceeding seeking adjudication or conviction is pending;

4) when a juvenile has been discharged from court supervision pursuant to Rule 631:

    a)  five years have elapsed;

    b)  the juvenile has not been convicted or adjudicated delinquent for a felony or misdemeanor;

    c)  no court proceeding is pending seeking such conviction or adjudication; and

    d)  the delinquent act is not an act precluded from expungement pursuant to 18 Pa.C.S. § 9123(a.1); or

5) when the attorney for the Commonwealth consents to the expungement.

B. **Contents of [m]Motion.**  A motion, which shall include a proposed court order, shall contain the following information:

1) the name of the juvenile;

2) the date of birth of the juvenile, if known;

3) the juvenile's case docket number, if any;

4) the allegations **or offenses** to which the order pertains;

5) the law enforcement agency that initiated the allegations;

6) the reference number of the police report or written allegation to be expunged or destroyed**, including the juvenile offense tracking number (JOTN), if available**;

7) the date of arrest;

8) the disposition of the written allegation or petition;

9) the reasons and statutory authority for expunging or destroying the documents, fingerprints, or photographs; and

10) the agencies upon which certified copies of the court order shall be served**.**

C. **Service of [m]Motion.**  In addition to the service required by Rule 345, the movant shall serve the motion on the chief juvenile probation officer.

D. **Answer.**

1) The attorney for the Commonwealth, and any other person upon whom the motion was served, may file an answer to the motion.

2) If objections to the motion are not made within thirty days of the filing of the motion, they shall be deemed waived.

E. **Court's [r]Response to the [m]Motion.**  The court shall conduct a hearing or grant or deny the motion after giving consideration to the following factors:

1) the type of offense;

2) the individual's age, history of employment, history of academic or vocational training, delinquent or criminal activity, and drug or alcohol issues;

3) adverse consequences that the individual may suffer if the records are not expunged; and

4) whether retention of the record is required for purposes of public safety.

F. **Inter-[c]County [t]Transfer [c]Cases.**

1) A motion to expunge or destroy records shall be filed in the county in which the adjudication of delinquency was entered.

2) A motion regarding the records of a juvenile whose disposition did not involve an adjudication of delinquency shall be filed in the county in which the disposition occurred.

3) The court entering an order to expunge or destroy records shall direct the order to any other court possessing records pertaining to the case.

## Comment

Paragraph (A) provides that **[any party may file]** a motion to expunge or destroy records, files, fingerprints, or photographs, or the court, *sua sponte*, may commence expungement proceedings.

Under paragraphs (A)(1) & (2), the written allegation or petition may be dismissed for several reasons, including, but not limited to, when: 1) a juvenile completes an informal adjustment or diversionary program; 2) the attorney for the Commonwealth declines to prosecute; 3) probable cause is not found at the detention hearing pursuant to Rule 242(C)(1); 4) there is no finding on the offenses pursuant to Rule 408(B); or 5) there is no finding of a need for treatment, supervision, and rehabilitation pursuant to Rule 409(A)(1). Expungement proceedings may be commenced upon these dismissals of the written allegation or the petition.

**For expungement of summary offenses heard by a magisterial district court or criminal court, see Pa.R.Crim.P. 490 and 490.1 (truancy). For eligibility for expungement, see 18 Pa.C.S. § 9123(a); 24 P.S. § 13-1333.3(h) (truancy).**

Under paragraph (B)(6), any number assigned to police papers helpful in tracking the police report or written allegation that would assist the law enforcement agency in expunging or destroying the document is to be listed. A reference number could be a**[n] juvenile** offense tracking number, district control number, crime control number, incident number, Philadelphia identification number, or another number assigned by the law enforcement agency to track the document.

Pursuant to paragraph (B)(9), the reasons for expunging the records or destroying fingerprints and photographs are to be included in the motion, specifically citing which provision of paragraph (A) applies.

''Expunge'' or ''expungement'' is defined by Rule 120, which means to erase legally, or the process of legal erasure of an item making it permanently not available to

the public but where some information may be retained only for limited purposes by agencies or departments.  *See* Rule 173.  *See also* Comment to Rule 120.

Rule 173 provides for the retention of certain information that is crucial for: 1) determining compliance with the order to expunge; 2) determining eligibility in a court program, determining the grading or penalty of an offense, or for other purposes as provided by law; 3) maintaining statistical and research information; 4) maintaining intelligence and investigative information; and 5) financial audits.

**[The new procedures instituted with the changes of 2014 require one procedure for expunging or destroying records, fingerprints, and photographs. One order will go to the appropriate agencies and departments as required by Rule 172 and will help those agencies become more efficient in the manner in which items are destroyed or expunged.]**

Pursuant to paragraph (D), the attorney for the Commonwealth is given an opportunity to respond to the motion.  The attorney for the Commonwealth should specify its position on whether items should be expunged or destroyed.  Expunged items remain available to law enforcement agencies and the attorney for the Commonwealth in limited circumstances, whereas destroyed items are permanently erased.  The attorney for the Commonwealth should consent to expunging records unless the attorney for the Commonwealth demonstrates good cause for the retention of records.  *See In re A.B.*, 987 A.2d 769 (Pa. Super. **[Ct.]** 2009).

The reasons for maintaining information pursuant to Rule 173 do not qualify as good cause against expunging records under this rule.  Maintenance of specific information is different from the maintenance of the official court record or other official records of the juvenile probation office or a law enforcement agency.  Pursuant to Rule 173, a separate document, file, or database is to be created.  *See* Rule 173 and its Comment.

If the attorney for the Commonwealth objects to expunging or destroying the records, the court should conduct a hearing on the motion.

Pursuant to paragraph (E)(3), the court is to consider adverse consequences that an individual may suffer if the records are not expunged.  Adverse consequences are discussed in The Pennsylvania Collateral Consequences Checklist instituted by Pennsylvania Juvenile Indigent Defense Action Network in conjunction with the initiative the Models for Change System Reform in Juvenile Justice.  This checklist may be **[assessed]** <u>accessed</u> on the Supreme Court's website at **[http://www.pacourts.us/T/BoardsCommittees/JuvenileCourtProcedural/]** <u>**http://www.pacourts.us/courts/supreme-court/committees/rules-**</u>

**committees/juvenile-court-procedural-rules-committee/juvenile-court-committee-rules-and-forms**.

The attorney for the Commonwealth in the county in which a motion is filed in an inter-county transfer case pursuant to paragraph (F) should provide notice of the motion to, and communicate with, the attorney for the Commonwealth and the juvenile probation office in the county to which, or from which, the case was transferred.

Notwithstanding this rule, *see* 18 Pa.C.S. § 9123(a.1) for cases that are ineligible for expungement proceedings.  *See also* 42 Pa.C.S. § 6341 for destruction of fingerprints and photographs.

**Official Note:**  Rule 170 adopted April 1, 2005, effective October 1, 2005.  Amended July 28, 2014, effective September 29, 2014.  Amended February 12, 2015, effective immediately.  **Amended March 1, 2019, effective July 1, 2019.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 170 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the amendments to Rule 170 published with the Court's Order at 44 Pa.B. 5447 (August 16, 2014).  **Final Report explaining the amendments to Rule 170 published with the Court's Order at 49 Pa.B. ___ (_____, 2019).**

**Rule 172.  ORDER TO EXPUNGE OR DESTROY**

A. **Contents.**  Any order to expunge or destroy the official court record, juvenile probation files, docket entries, law enforcement records, or fingerprints and photographs shall include the following information:

   1) all items contained in Rule 170(B);

   2) a directive specifically identifying which items shall be expunged or destroyed, including all law enforcement records, juvenile probation files, official court records, other juvenile records, fingerprints, photographs, and any other information pertaining to the arrest;

   3) a directive that the keeper of the juvenile records shall expunge or destroy such items;

   4) a directive that each agency, department, or office, upon request, shall notify the court or its designee, in writing, of the action taken in response to the order to expunge or destroy;

   5) a directive to a school building principal or his or her designee to destroy information received from the court pursuant to Rule 163;

   6) the printed name and signature of the judge issuing the order; and

   7) the date of the court order.

B. **Service.**  In addition to the service required by Rule 167, the clerk of courts, court administrator, or other court designee shall serve certified copies of the order on the chief juvenile probation officer**, the Pennsylvania State Police, the Juvenile Court Judges' Commission,** and any other person or agency as directed by the court.

**Comment**

Pursuant to paragraph (A)(2), the court is to list specifically which items are to be expunged and which items are to be destroyed.  Specific information retained pursuant to Rule 173 should be expunged but not destroyed.  In most instances, the court should order that the fingerprints and photographs be destroyed and that the remaining records and documents be expunged.

Pursuant to paragraph (A)(4), an agency, department, or office may be requested to produce evidence of compliance with the court order to expunge. Non-compliance may result in a finding of contempt of court.

Pursuant to paragraph (A)(5), the school is to destroy all information received from the court.  Because the school is required to store this information separately under Rule 163(F), destruction should not be difficult.  *See* Rule 163 and its Comment. The court may also require the school to provide written notice of the action taken.

**Official Note:**  Rule 172 adopted April 1, 2005, effective October 1, 2005.  Amended December 24, 2009, effective immediately.  Amended July 28, 2014, effective September 29, 2014.  **Amended March 1, 2019, effective July 1, 2019.**

*Committee Explanatory Reports:*

Final Report explaining the amendments to Rule 172 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  Final Report explaining the amendments to Rule 172 published with the Court's Order at 44 Pa.B. 5447 (August 16, 2014).  **Final Report explaining the amendments to Rule 172 published with the Court's Order at 49 Pa.B. ___ (___ ___, 2019).**