[J-49-2016] [MO: Dougherty, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 75 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 906 MDA 2014 dated |
| | : | February 23, 2015 Affirming the Order |
| v. | : | of the Centre County Court of Common |
| | : | Pleas, Criminal Division, at No. CP-14- |
| | : | MD-0000836-2013 dated April 30, 2014. |
| VICTORIA C. GIULIAN, | : | |
| | : | ARGUED: April 6, 2016 |
| Appellant | : | |

## CONCURRING OPINION

**JUSTICE BAER**                                            **DECIDED: July 19, 2016**

I concur in the result. I agree that Appellant, Victoria Giulian, is not statutorily barred from seeking an expungement of her 1997 conviction under 18 Pa.C.S. § 9122(b)(3)(i). I write separately to provide my statutory analysis, and to stress that this case does not require the Court to determine whether expungement statutes are penal or remedial for purposes of statutory construction.

Like the majority, I find ambiguity in the language of Subsection 9122(b)(3)(i), providing that an individual may petition for expungement of a summary offense when she "has been free of arrest or prosecution for five years following the conviction for that offense." 18 Pa.C.S. § 9122(b)(3)(i). As written, the language leaves open the question: during what five-year period must an individual be free from arrest? Is it, as Appellant argues, "any" five year period following conviction; or is it, as the Commonwealth argues, "the" five-year period "immediately" following the conviction? Because Subsection 9122(b)(3)(i)'s language is "reasonably capable of either construction," the statute is indeed ambiguous. Freedom Med. Supply, Inc. v. State

<u>Farm Fire & Cas. Co.</u>, 131 A.3d 977, 984 (Pa. 2016). Upon closer review, however, it becomes apparent that Appellant's interpretation is the more persuasive construct.

First, as a principle of statutory construction, we may add words or phrases in construing a statute only if they are "necessary to the proper interpretation of a statute" and "do not conflict with its obvious purpose and intent, nor in any way affect its scope and operation." 1 Pa.C.S. § 1923(c). As mentioned above, both interpretations arguably require us to read in missing words to clarify the applicable five-year period. However, accepting the Commonwealth's suggestion – adding "the" and "immediately" – significantly limits the scope of who may be eligible for an expungement. Specifically, the Commonwealth's interpretation excludes individuals, such as Appellant, from seeking an expungement, notwithstanding that they have been arrest-free well past multiple five-year periods following their conviction.

On the other hand, Appellant's suggestion – adding "any" – does not significantly alter or limit the statutory language of Subsection 9122(b)(3)(i), because the statute as written has no limitation on which five-year period would suffice, indicating that any five-year period is acceptable. Thus, adding the word "any" helps to clarify the legislature's intent, rather than significantly alter it. Moreover, regardless of whether we apply the penal or remedial standard of statutory construction,[1] we construe the statute in favor of Appellant, and therefore, her suggestion of adding "any" is more appropriate than the Commonwealth's suggestion to add "the" and "immediately."

Next, when conducting statutory interpretation, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). Here, the General Assembly's use of the past perfect

---

[1] A discussion of remedial and penal standards of statutory construction is set forth *infra* at 4-5.

tense "has been" is instructive. The phrase "has been" implies that the five-year period could be any five-year period following conviction ending with the most recent one. To accept the Commonwealth's argument that the General Assembly intended the statute to include only the first five-year period immediately following conviction would require a change of "has been" to "was." Otherwise, as Appellant points out, the statute would read: "An individual . . . has been free of arrest or prosecution for [the] five years [immediately] following the conviction," which, grammatically, is awkward. See Appellant's Brief at 16. If that was the Legislature's intent, the statutory provision would properly take the past tense, *i.e.*, requiring that Appellant "was free of arrest or prosecution for the five years immediately following conviction." Thus, Appellant's interpretation is more grammatically accurate, weighing in favor of her interpretation.

Third, Appellant rebuts the Commonwealth's strongest argument that her interpretation renders "following the conviction for that offense" to be mere surplusage. At first blush, the Commonwealth's argument seems plausible: if the General Assembly intended the arrest-free period to be "any" five-year period after conviction, then it would not have had to say "following the conviction," and instead could have said simply that a petitioner must be "free of arrest for five years." According to the Commonwealth, adding "following the conviction" indicates the intent that the five-year period must occur immediately following the conviction. However, Appellant posits that the "following the conviction" language is necessary to set the start date of the five-year period. Appellant suggests other reasonable starting points that the General Assembly could have selected instead, such as: 1) "following final release from confinement or supervision," the starting point used in 18 Pa.C.S. § 9122(b)(1), governing expungement eligibility for individuals over 70 years of age; or 2) a certain time period since "the individual has satisfied all terms and conditions of the sentence imposed for the violation," which is contained within 18 Pa.C.S. § 9123(a)(2.2), governing expungement eligibility for certain

juvenile records.  In light of these other reasonable possibilities, it appears correct that the language "following the conviction" is necessary to discern the earliest possible start date for the five-year waiting period, and therefore, is not rendered meaningless by Appellant's interpretation.

Finally, the Commonwealth's interpretation is simply unreasonable, as aptly highlighted by Justice Wecht's concurring opinion.  See Concurring Op. at 2 (Wecht, J.). As my colleague observed, the Commonwealth's interpretation would allow for an individual to reoffend every five years and one day and be eligible, subject to the trial court's discretion, for expungement of every offense, yet preclude an individual like Appellant from receiving an expungement even if she had been arrest-free for fifty years.

For all of these reasons, I find Appellant's interpretation much more persuasive than that of the Commonwealth.  I point out that the sole issue before us is whether Appellant is eligible to seek expungement for her 1997 conviction.  The only facts relevant to whether Appellant is statutorily eligible for expungement is whether she seeks to expunge a summary conviction and whether she has been arrest-free for a five-year period since her conviction for that offense.  Any discussion of the general expungement scheme or the factors a trial court should consider when deciding whether to grant an expungement petition is irrelevant to the determination that she is eligible to seek expungement.

To the extent that the majority discusses the penal/remedial rules of construction, it is worth explaining that we need not decide which one applies to Subsection 9122(b)(3)(i) in this case or should be applied in future expungement cases.[2]  To

---

[2] I believe this point is important because this issue is not settled in Pennsylvania law, despite the concession by the Commonwealth in this case that the statute is penal, and the suggestion by the Superior Court below to the same effect.  See Commonwealth's Brief at 9 ("[S]ince [Subsection] 9122(b)(3)(i) is a penal statute, the rule of lenity" (continued…)

reiterate briefly, if a statute is penal in nature, the rule of lenity applies so that any ambiguity must be strictly construed in favor of a defendant. 1 Pa.C.S. § 1928(b)(1) (providing that penal statutes "shall be strictly construed"); see also Commonwealth v. Fithian, 961 A.2d 66, 74 (Pa. 2008) (explaining that where ambiguity exists in a penal statute it should be interpreted in the light most favorable to the accused). On the other hand, if a statute is remedial legislation, then the statute should be "construed liberally to effectuate its humanitarian objectives." School Dist. of Phila. v. WCAB (Hilton), 117 A.3d 232, 242 (Pa. 2015). These two rules of construction, in this case, seem to arrive at the same result: ambiguity in Subsection 9122(b)(3)(i) should be resolved in Appellant's favor under both rules because Appellant was at one time the accused, and she is the intended beneficiary of the statute's humanitarian objectives.

However, I caution that the rules of construction utilize different language. Although they have similar effects, the rule of lenity uses stronger language, that of strict construction, whereas remedial legislation must be liberally construed, a seemingly lower standard. Here, I conclude that Appellant's position is superior even applying the lesser remedial legislation standard, and thereby avoid any suggestion as to which rule applies to future interpretations of expungement statutes.

Justice Todd joins this concurring opinion.

---

(…continued)
applies.); Commonwealth v. Giulian, 111 A.3d 201, 204 (Pa. Super. 2015) (suggesting that the rule of lenity would apply in this case if the statute was ambiguous, but ultimately determining that the statute is not ambiguous). In fact, an *en banc* Superior Court determined that the juvenile expungement statute, found at 18 Pa.C.S. § 9123(a), is remedial and not penal. In re A.B., 987 A.2d 769, 780 (Pa. Super. 2009).